EUGENE A. CARTER AND CLARICE E. CARTER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1024–67.    Filed March 11, 1969.

Eugene A. Carter, pro se.
*Robert G. Faircloth,* for respondent.

FEATHERSTON, *Judge:* Respondent determined a deficiency in petitioners' income tax for 1964 in the amount of $221.50. The issues for decision are: (1) Whether petitioners are entitled to deduct a fee paid to an employment agency, and related expenditures, as ordinary and necessary business expenses under section 162 (a) ; [1] and (2) what part, if any, of the cost of maintaining petitioners' residence is deductible under section 162 (a) as a business expense or under section 212 (1) as an expense for the production of income.

### FINDINGS OF FACT

Eugene A. Carter (hereinafter petitioner) and Clarice E. Carter, husband and wife, were legal residents of Huntsville, Ala., at the time their petition was filed. They filed a joint Federal income tax return for 1964 with the district director of internal revenue, Syracuse, N.Y.

During 1964 petitioner was a commissioned officer in the U.S. Air Force. In August 1964 he applied for retirement from the Air Force, to be effective January 31, 1965. On that date his active duty terminated, and he was placed on retired status as of February 1, 1965.

After petitioner decided to retire, he had an interview on September 15, 1964, with Executive Career Development, Inc., of Chicago, Ill. (hereinafter ECD), a private employment agency licensed by the

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

State of Illinois. ECD assists its clients in obtaining employment by making contacts with potential employers, bringing to their attention the qualifications of the clients, and arranging interviews for the clients. Following confirmation by the Chicago Better Business Bureau that ECD was licensed by the State, petitioner engaged the services of ECD, paying a fee of $700 in late 1964.

ECD arranged meetings between petitioner and officials of Independent Protection Company, Inc., in December 1964 in Chicago and in May 1965 in Goshen, Ind. At both interviews petitioner was offered a position with the company, but he did not accept either job offer.

ECD communicated with Lockheed Missiles and Space, Inc. (hereinafter Lockheed), on behalf of petitioner in the fall of 1964, but did not arrange an interview for petitioner. Petitioner later arranged an interview himself, and in June 1965, accepted a position with Lockheed. The position was not obtained as a result of the contact made earlier by ECD, but was secured entirely through petitioner's own efforts.

Petitioner claimed a deduction in his 1964 income tax return in the amount of $700 for the fee paid to ECD. In the notice of deficiency respondent disallowed in full the claimed deduction.

In connection with his interview with ECD in September 1964 petitioner incurred transportation expenses in the amount of $187.50. He also incurred $36.60 for such items as photographs, preparation of resumes, telephone calls to ECD, and transportation to the ECD offices. Respondent also disallowed the entire amount of the deductions claimed by petitioner for these items.

One room of petitioner's seven-room house was devoted to several special uses: (1) He installed facilities which could be used in tutoring—such as language records and recordings, diction recordings, and a programed learning-teaching machine for courses in mathematics—and used the room for making telephone calls, arranging conferences, and handling correspondence with persons interested in tutorial services. Petitioner did no tutoring in 1964. (2) He also utilized the room in connection with the management of his mother-in-law's estate as a court-appointed conservator, e.g., arranging the sale of her house and investing the proceeds in annuities. Although petitioner was entitled to reimbursement for his expenses as conservator and to a fee for his services, he never received any repayment of his expenses nor any compensation for his services as conservator. (3) Finally, he used the room for making telephone calls, carrying on correspondence, and arranging conferences in connection with his efforts to obtain employment following his anticipated retirement.

The total amount of petitioner's home expenditures in 1964 for such items as electricity, heat, telephone, mortgage payments (includ-

ing interest and taxes), and repairs was approximately $1,190. In his 1964 return petitioner claimed a deduction of $170 as home office expenses. Respondent disallowed the entire amount of the deduction.

ULTIMATE FINDINGS OF FACT

Petitioner paid the fee to ECD and incurred related expenses in 1964 in the course of seeking postretirement employment and not in carrying on a trade or business in that year.

Petitioner failed to show that a room in his home in 1964 was devoted to a business of providing tutorial services or to a business of rendering services as conservator of his mother-in-law's estate.

OPINION

While serving as an officer of the U.S. Air Force in 1964, petitioner paid a fee to an employment agency and incurred travel and other related expenses in connection with his efforts to obtain postretirement employment. Following his retirement from the Air Force in 1965, petitioner accepted a position which he secured without the assistance of the employment agency. The question we must decide is whether the fee and expenses constitute "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." As to the travel expenses, we must further determine whether they were incurred "in the pursuit of a trade or business" within the meaning of section 162(a).[2]

We agree with respondent that the employment fee and related expenses are not deductible in 1964. Section 162(a) confines deductible expenses "solely to outlays in the efforts or services * * * from which the income flows." *McDonald* v. *Commissioner*, 323 U.S. 57, 60–61 (1944). When petitioner incurred these expenses he was engaged in the business of serving as an Air Force officer. The expenditures in no way pertained to that business, which produced petitioner's 1964 income, but to new employment which he was seeking. This Court, in *Morton Frank*, 20 T.C. 511, 513 (1953), succinctly stated the rule as to expenses incurred in seeking new employment as follows:

The expenses of investigating and looking for a new business and trips preparatory to entering a business are not deductible as an ordinary and necessary business expense incurred in carrying on a trade or business. * * *

---

[2] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \* \*

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business ; and

As to traveling expenses, we said (pp. 513–514) :

The word "pursuit" in the statutory phrase "in pursuit of a trade or business" is not used in the sense of "searching for" or "following after," but in the sense of "in connection with" or "in the course of" a trade or business. It presupposes an existing business with which petitioner is connected. * * *

Petitioner stakes his claim mainly on ambiguous language in the Federal Income Tax Instruction to the effect that "You can deduct cost of fees to employment agencies." This instruction is apparently based on almost equally ambiguous language in Rev. Rul. 60–223, 1960–1 C.B. 57, to the effect that "The Internal Revenue Service will continue to allow deductions for fees paid to employment agencies for securing employment." However, we think this language was not intended to permit the deduction of a fee where the employment agency merely seeks to locate a position for the taxpayer, as here, but was intended to allow a deduction only where the agency actually obtains a position for the taxpayer. In the latter circumstances, it may be reasoned, the expense (frequently paid from the wages earned from the new employment) relates to and is incurred in connection with the taxpayer's business of carrying on the new employment.[3] But no such rationale applies where the new employment ultimately accepted by the taxpayer was not obtained for him by the employment agency. Without passing on the merits of the rationale which underlies respondent's ruling allowing deductions for fees paid to employment agencies for *securing* employment, we hold that the fee in the instant case was paid to the agency for its *seeking* employment for petitioner and, consequently, constituted a nondeductible personal expense under section 262.[4] Cf. *McDonald* v. *Commissioner, supra; Frank B. Polachek*, 22 T.C. 858 (1954) ; *Morton Frank, supra.*

Petitioner urges that, although the employment agency did not obtain his new job for him, it taught him useful job-seeking techniques which were helpful in securing the employment which he finally accepted. But the same contention may be applied to virtually all educational expenses, and Congress has not seen fit to go that far in allowing deductions for such expenses. See sec. 1.162–5, Income Tax Regs.

---

[3] See *Thomas W. Ryan*, T.C. Memo. 1959–131; *Francois Louis*, T.C. Memo. 1966–204; *Carson J. Morris*, T.C. Memo. 1967–251, on appeal (C.A. 9). We do not question petitioner's good faith in claiming the fee as a deduction. Indeed his plea, "If I cannot rely on the * * * IRS instructions, what can I rely on ?," has a strong appeal. Despite the ambiguities, however, we cannot apply either the instructions or the ruling in such way as to allow a deduction not permitted by the statute. Cf. *Automobile Club* v. *Commissioner*, 353 U.S. 180, 183–184 (1957) ; *Dixon* v. *United States*, 381 U.S. 68, 72–80 (1965).

[4] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

We have carefully considered petitioner's arguments based on *Harold Haft*, 40 T.C. 2 (1963), and *Caruso* v. *United States*, 236 F. Supp. 88 (D.N.J. 1964), in which the disputed expenses were held deductible. The petitioner in *Haft*, a commission salesman temporarily unemployed, incurred certain expenses for gifts and entertainment of buyers with whom he expected to, and did, continue to do business. In *Caruso*, the taxpayer incurred legal expenses in efforts to compel a local government to keep his name at the top of a civil service list— which was tantamount to appointment—for a position to which he was ultimately appointed. We find these cases inapposite.

The second issue is whether petitioner is entitled to deduct a part of the cost of maintaining his residence under section 162(a) or section 212(1).[5] He asserts that he used one of the seven rooms in his home as a business office: (1) In connection with his efforts to obtain post-retirement employment; (2) in serving as conservator of his mother-in-law's estate; and (3) in connection with work as a tutor. The first use—efforts to obtain postretirement employment—will not support a deduction under either section 162(a) or section 212(1) for the reasons stated above in our discussion of the deductibility of the employment agency fee and related expenses.

As to his work as conservator of his mother-in-law's estate, we note that petitioner has never accepted reimbursement for his services even though under applicable State law he could have been paid from the estate. See Wis. Stat. Ann. secs. 319.24(1) and 319.31(3). Since he could have received reimbursement from the estate, the expenses do not represent business expenses of petitioner, but rather reimbursable advances for which deductions are not allowable. Cf. *Estate of W. P. McJunkin*, 25 T.C. 16, 21 (1955); see also *Horace E. Podems*, 24 T.C. 21 (1955); *Heidt* v. *Commissioner*, 274 F. 2d 25 (C.A. 7, 1959), affirming a Memorandum Opinion of this Court. On this record we conclude that he performed the services *gratis* as an accommodation to his mother-in-law rather than as a business or income-producing endeavor.

There remains petitioner's alleged use of the office in his home in connection with his work as a tutor. He testified that he equipped his office with some machines, placed telephone calls, carried on correspondence, planned some courses of study, and arranged conferences from the office. But he reported no earnings from teaching activities in 1964. He admitted that he taught no students in the room but stated that he "was available and set up and would have if [he] had stayed at this longer." Whatever he did in the home office in connection with

---

[5] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a *deduction all the ordinary and necessary expenses paid or incurred during the taxable year—*

(1) for the production or collection of income;

the tutorial service was, at most, only preparatory to engaging in a business endeavor and thus not deductible in 1964.

Moreover, the record lacks the kind of evidence—the number of months in 1964 the room was used in connection with the tutorial service, the number of hours it was so used, as compared with its use for other purposes, precise evidence as to kind of equipment installed therein, the number of business calls made there, the extent of the correspondence carried on, and the like—needed to permit an allocation under *Cohan* v. *Commissioner*, 39 F. 2d 540 (C.A. 2, 1930).

*Decision will be entered for the respondent.*