Harcourt M. Stebbins and Carol A. Stebbins v. Commissioner.
Stebbins v. Commissioner
Docket No. 4797-69 SC.
United States Tax Court
T.C. Memo 1971-193; 1971 Tax Ct. Memo LEXIS 141; 30 T.C.M. (CCH) 789; T.C.M. (RIA) 71193; August 5, 1971, Filed Victor A. Speert, 516 Maverick Bldg., San Antonio, Tex., for the petitioners. William T. Overton, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, *142 Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1965 and 1966 in the amounts of $252.33 and $374.67, respectively. The issues for decision are: (1) Whether a portion of the rent and utilities paid for petitioners' residence is deductible under section 162(a) [1] as an expense paid or incurred for office space; (2) Whether petitioners are entitled, under sections 162(a) and 274, to deductions for entertainment expenses; and (3) Whether petitioners are entitled, under section 162(a), to deductions for automobile expenses. Findings of Fact Petitioners were legal residents of Belleville, Illinois, at the time they filed their petition. They filed joint Federal income tax returns for 1965 and 1966 with the district director of internal revenue, Austin, Texas. Carol A. Stebbins is a petitioner herein only because she filed joint returns with her husband, Harcourt M. Stebbins, who will hereafter be referred to as petitioner. 790 Petitioner, a dental anesthesiologist, received a commission as an officer in *143 the United States Air Force in 1955. Since that time he has progressed through the ranks, and during 1965 and most of 1966 he held the rank of lieutenant colonel. On December 8, 1966, he was promoted to the temporary rank of colonel. During 1965, and until June of 1966, petitioner was stationed at Rhein Main Air Force Base, Germany. He did not live on the base, but he received a $150 per month allowance to cover the cost of his housing. The house in which petitioner lived cost him $125 per month for rent and $35 per month for utilities. As the officer in charge of base dental operations, petitioner had an office at the dispensary. However, he kept approximately 2,000 pounds of professional reference materials and other study and instruction aids at his residence. These materials occupied approximately 280 linear inches of shelf space. As an Air Force dental officer, petitioner spent a considerable amount of time developing contacts with the local civilian dental community. He entertained civilian dentists at the base officers' club approximately three times a month. Sometimes he also held meetings at the club with groups of people ranging from 25 to 75 in number. Petitioner also *144 frequently ate his lunch at the club and used its facilities to exchange American for German currency. Occasionally, he and his wife attended club social activities. Dues for petitioner and his wife cost $90 per year. During 1965, petitioner made numerous automobile trips. On two of these trips, he delivered professional papers at conferences in Wiesbaden, Germany, and Lausanne, Switzerland. He also made trips to visit other military bases. Among these were trips to attend Armed Forces Dental Society meetings in Ramstein, Germany. In addition, petitioner drove every weekend to the post office - a total distance for the year of 728 miles. He also made several trips, for a total distance of 100 miles, to his stockbroker's office in Frankfurt, Germany. Other trips, a total distance of 1,120 miles, were made between petitioner's residence and the place on the Air Force base where he took German lessons. The total distance traveled for all these purposes was 4,396 miles. Petitioner maintained records of the entertainment and travel expenses which he incurred while in Germany. On a calendar which he kept next to the telephone at his residence, either he or his wife, at his instruction, *145 would record: The date, the person seen, the place of the meeting, the distance traveled, and any expenses incurred. However, these records, along with the records from several years of petitioner's clinical work, were lost during the move from Germany to Scott Air Force Base, Illinois. In his returns for 1965 and 1966, petitioner claimed the following deductions as business expenses: 1965
1966
Office rent
$528.00
$219.00
Entertainment and promotion
175.00
145.21
Antomobile
466.64
513.66 Respondent determined that, except for $18.75 of entertainment expenses in 1966, none of these claimed deductions constituted ordinary and necessary business expenses. Opinion Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," including "traveling expenses * * * while away from home in the pursuit of a trade or business." With one minor exception (the expenses incurred in visiting his stockbroker), petitioner must initially show that the disputed expenses pass the muster of this section. In addition, as discussed below, he must show compliance with section *146 274 with respect to the entertainment expenses. We find that petitioner has failed to establish that he is entitled to deduct any portion of the costs of maintaining his residence. His testimony shows only that he had approximately 2,000 pounds of books and professional materials which were transported to Germany at the Government's expense. Because there was insufficient room in his office at the Air Force base, he testified, he was obliged to use a part of his residence, which he estimates to be between 15 and 25 percent of its total area, for the storage of these materials. There is not one iota of evidence indicating that petitioner ever used the materials "in carrying on" his "trade or business" of being an Air Force officer, or showing that any part of his house was ever used for professional purposes. The only basis given us to apportion the costs of petitioner's residence between business and personal expenditures is the sheer volume of space occupied by the materials, and we find it totally incredible that 2,000 pounds 791 of books and professional materials - about 280 linear inches, i.e., about 24 linear feet, of shelf space - occupied 15 or 25 percent of a three-story *147 house. While petitioner testified that there was an area of about 110 square feet which he tried to devote exclusively to these materials and that some of the materials were scattered throughout his house, there is nothing in the record to show the total area of the house, or why the materials required 110 square feet of storage space. We hold that petitioner has failed to carry his burden of showing that he is entitled to deduct any of the costs of his residence. See, e.g., Eugene A. Carter, 51 T.C. 932, 937 (1969). The next issue involves petitioner's claimed deductions for entertainment expenses. For purposes of resolving this issue, we accept his testimony that he maintained records relating to his entertainment expenses and that such records were lost during the move from Germany to Scott Air Force Base in Illinois. On this ground, his failure to produce records of his expenditures was "due to the loss of such records through circumstances beyond * * * [his] control" within the meaning of Income Tax Regulations section 1.274-5(c)(5). In such circumstances, he was entitled to substantiate his deductions, as required by section 274, through a "reasonable reconstruction *148 of his expenditures." The only evidence which petitioner produced to support the deductibility of his entertainment expenses was testimony that $90 per year of the claimed expenses of $175 and $145.21 for 1965 and 1966, respecctively, constituted dues for him and his wife at the local officers' club. This type of expenditure requires substantiation in the manner prescribed by section 274 and related regulations. Club dues are considered to be "expenditures with respect to a facility used in connection with entertainment." Sec. 1.274-2(e)(3)(ii), Income Tax Regs. Such an expenditure is deductible only if the facility was used "primarily for the furtherance of the taxpayer's trade or business," sec. 274(a)(1)(B), and the actual use rather than the "taxpayer's principal purpose in acquiring the facility" establishes the deductibility of expenditures with respect to it, sec. 1.274-2(e)(4)(i), Income Tax Regs.
The evidence shows that petitioner used the club frequently for purposes of eating lunch, that he regularly used its facilities for exchanging his American for German currency, and that he occasionally attended social activities at the club. The only testimony as to the business *149 use of the club was that he entertained civilian dentists about three times a month and, occasionally, held larger meetings there. This evidence falls far short of establishing that petitioner used the club primarily in furtherance of his business of serving as a military officer; therefore, no deduction is allowable for the club dues. Respondent has conceded on brief that petitioner is entitled to deductions for the "810 miles claimed to have been traveled in attending Armed Forces Dental Society meetings in Ramstein, Germany" and, further, that should this Court "find as a matter of fact that any part of the remaining miles claimed by the petitioner and disallowed by the Commissioner were traveled for a business purpose, the respondent is willing to concede, for purposes of this case, that such expenses are deductible as ordinary and necessary business expenses." Petitioner testified that he traveled a total business mileage during 1965, substantiated by his lost records, of 4,396 miles, and his return reflects that he traveled a total of 20,000 miles during that year. We find that, except as indicated hereafter, all of the business miles claimed to have been traveled by petitioner *150 were traveled for business purposes. Petitioner contends that 728 of the 4,396 claimed business miles constituted weekend trips to the base post office to pick up stock reports, professional journals, and life insurance information. An additional 1,120 of the claimed business miles constituted trips to take German lessons. According to petitioner's testimony these lessons were made necessary by the fact that German nationals, not completely fluent in their use of English, worked under his supervision in the dispensary. He also testified that he found these lessons helpful in his professional associations with German dentists. Notwithstanding petitioner's testimony, we are not satisfied that either his post office trips or his travel in connection with his German lessons was undertaken primarily for business reasons. Petitioner has not convinced us that the travel (or any German lessons he may have taken) was required or expected by his superior officers or contributed in any substantial way to the efficiency of his services as a military officer. Nor has he convinced us that the cost of the post office trips constitutes ordinary and necessary expenses incurred for the production *151 of income or for the management, conservation, or maintenance of 792 property held for the production of income within the meaning of section 212, footnote 2 infra. We think both items of travel were undertaken largely for personal reasons. In appropriate circumstances, the cost of travel incident to business related educational expenses may be deductible. Cosimo A. Carlucci, 37 T.C. 695 (1962). We are not convinced, however, that any German lessons petitioner may have taken in 1965, only a few months before he was transferred from Germany, were business related, see Carroll v. Commissioner, 418 F. 2d 91, 95 (C.A. 7, 1969), affirming 51 T.C. 213 (1968), or that he actually returned home each evening before attending classes on the base. The cost of his travel to and from the base each day was, of course, nondeductible commuting expense. A third category of trips included in the 4,396 claimed business miles consists of those made to petitioner's stockbroker in Frankfurt, Germany; this travel involved a total of 100 miles. Respondent correctly asserts that these trips were not related to petitioner's business as an Air Force dental officer. *152 However, he also recognizes that "there may be a basis for a deduction under section 212," citing Martha E. Henderson, T.C. Memo. 1968-22. We find that the cost of these trips constitutes ordinary and necessary expenses incurred for the production of income and are deductible under section 212. [2]
In summary, we find that petitioner drove his automobile 2,548 miles in 1965 for business purposes. We note that petitioner's testimony as to the traveling expenses relates to 1965 exclusively; consequently, he has not carried his burden of proof on this issue as to 1966. Consistent with the foregoing conclusions, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise noted.↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩