JACK R. MENDENHALL CORPORATION *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8823–75. Filed August 4, 1977.

*Kenneth C. Ellison,* for the petitioner.
*James D. Thomas,* for the respondent.

GOFFE, *Judge:* The Commissioner determined deficiencies in the petitioner's Federal corporate income taxes for the taxable years ending September 30, 1971, and September 30, 1972, in the respective amounts of $4,844.73 and $1,775.36. The sole issue for decision is whether petitioner's profit-sharing plan qualified under section 401[1] of the Internal Revenue Code of 1954 for the taxable years ending September 30, 1971, and September 30, 1972.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein.

The Jack R. Mendenhall Corp. (petitioner) was incorporated under the laws of Oklahoma on September 4, 1964, and filed Federal corporate income tax returns on a fiscal year basis beginning October 1 and ending September 30. Its Federal corporate income tax returns for the taxable years ending September 30, 1971, and September 30, 1972, were filed with the Director, Internal Revenue Service Center, Austin, Tex. The principal place of business of petitioner at the time of the filing of its petition was Tulsa, Okla. On September 27, 1967, a profit-sharing plan for the benefit of petitioner's employees was executed by Jack R. Mendenhall, president of petitioner,

---

[1] All section references are to the Internal Revenue Code of 1954, as amended.

and on the same date a profit-sharing trust was executed with the First National Bank of Tulsa, Tulsa, Okla. (herein referred to as trustee), acting as trustee. Its duty under the trust was to implement the plan, which was effective for the taxable year ending September 30, 1967. Beginning with the taxable year ending September 30, 1968, the trustee filed Returns of Employees' Trust Exempt From Tax (Form 990–P). For the taxable years ending September 30, 1971, and September 30, 1972, the petitioner paid to the trust annual contributions in the respective amounts of $10,093.18 and $5,000. The petitioner deducted these amounts on its Federal corporate income tax returns for those years.

On October 9, 1970, the trustee requested petitioner to furnish it a copy of the determination letter from the Internal Revenue Service that the profit-sharing trust was exempt from income tax. On February 20, 1973, petitioner filed an application for a determination letter with respondent with respect to the qualification status of the profit-sharing plan. Subsequently, the respondent mailed a letter to petitioner setting out the reasons why the plan did not qualify and what amendments were necessary in order for the plan to qualify. Respondent objected to the language of certain provisions and the absence of other provisions in the plan.

The plan provided for the purchase of life insurance for the participants. There was no provision in the plan regarding the types of life insurance which could be purchased and there was no limitation on the amounts the trust could use to purchase life insurance. No life insurance was purchased for the benefit of any participant.

The plan did not provide for each participant's nonforfeitable right to amounts credited to his account upon termination or complete discontinuance of contributions to the plan. Therefore, the plan did not assure each participant's nonforfeitable right to his vested share upon termination of the plan or complete the discontinuance of contributions. However, the plan has neither terminated nor have contributions been discontinued.

The plan provided that in the event the Internal Revenue Service failed to qualify the plan under section 401(a), the trust funds would return to petitioner. Further, the original plan provided for the return of contributed funds to petitioner

in the event the plan failed to qualify under section 401 or any other regulation or applicable law of legislature or governmental authority. Nevertheless, the plan has never terminated. None of the contributed funds reverted to petitioner.

The plan also provided that if it were modified and such modification adversely affected the rights of any participant, the affected participant could elect to have the vested portion of his account distributed to him. This provision was never triggered because the plan was not modified in any respect.

Finally, the plan did not contain a provision for annual valuation of trust assets at their fair market value and the plan made no provision for an adjustment of a participant's account in accordance with the valuation. Additionally, the plan did not contain a specific provision for the allocation of realized income and losses to a participant's account. Even though these provisions were not in the original plan the trustee valued the trust assets on an annual basis. Each participant's account contained a computation for his respective share under the plan as well as his share of profits.

Pursuant to these objections, respondent stated in the determination letter that the plan could qualify if the requested changes, incorporated in his objections, were made.

On July 27, 1973, in response to respondent's proposed changes, petitioner mailed a draft of amendments to the plan. If respondent approved the amendments as to form, petitioner planned to adopt them. Upon receipt of the amendments, respondent notified petitioner that in order for a determination letter to be issued on the plan as amended it would be necessary to submit the complete plan as amended again, utilizing the same procedures as in the prior request for determination. In accordance with respondent's requested changes, petitioner executed the necessary amendments to the plan in August 1973. The plan, as amended, was again submitted to respondent for a determination as to whether it qualified. On April 16, 1974, respondent advised petitioner that its plan as amended constituted a qualified plan but only as to taxable years beginning after September 30, 1972.

The Commissioner, in his statutory notice of deficiency issued June 23, 1975, disallowed deductions of $10,093.18 and $5,000 for the taxable years ending September 30, 1971, and

September 30, 1972, respectively, because in his view petitioner's profit-sharing plan did not qualify under the provisions of section 401(a), the plan was not exempt under section 501(a), and payments to the plan by petitioner were not deductible under section 404(a).

## OPINION

Petitioner contends that the implementation and operation of the original profit-sharing plan satisfy the requirements of section 401(a). Alternatively, petitioner argues that the amendments to the original plan cured all defects, if any. Petitioner further argues that the manner in which the plan was implemented complies with section 401(a) irrespective of any possible defects in the provisions of the original plan. For this reason petitioner contends that the amendments to the plan should be given retroactive application to the date the plan became effective in 1966.

The original provisions of petitioner's plan clearly did not qualify in form under section 401 prior to the time the plan was amended. The only question is whether the plan, as amended, qualifies retroactively from the time it was amended to allow deductions for petitioner's contributions in the taxable years ending September 30, 1971, and September 30, 1972.

Section 401(b) of the Code[2] allows retroactive effect of amendments to employee benefit plans under certain circumstances. Petitioner recognizes that it cannot come within the requirements of section 401(b). Petitioner, therefore, seeks relief under our holding in *Aero Rental v. Commissioner*, 64 T.C. 331 (1975). Respondent argues that our holding in *Aero Rental* is wrong because section 401(b) is exclusive in

---

[2] SEC. 401. QUALIFIED PENSION, PROFIT-SHARING, AND STOCK BONUS PLANS.

(b) CERTAIN RETROACTIVE CHANGES IN PLAN.—A stock bonus, pension, profit-sharing, or annuity plan shall be considered as satisfying the requirements of subsection (a) for the period beginning with the date on which it was put into effect, or for the period beginning with the earlier of the date on which there was adopted or put into effect any amendment which caused the plan to fail to satisfy such requirements, and ending with the time prescribed by law for filing the return of the employer for his taxable year in which such plan or amendment was adopted (including extensions thereof) or such later time as the Secretary may designate, if all provisions of the plan which are necessary to satisfy such requirements are in effect by the end of such period and have been made effective for all purposes for the whole of such period.

permitting retroactive effect of amendments to an employee benefit plan. *Aero Rental* was reviewed by the full Court and was not appealed by respondent. In that case, the employer, who was on a calendar year basis, established a stock option plan in December 1969 for its employees. The plan was to be effective immediately and apply to the calendar year 1969. In June 1970, an application for a determination letter was sent to the Commissioner to ascertain whether the plan qualified under section 401(a). The application was reviewed by an internal revenue agent and objections were raised by him as to certain provisions of the plan. In response to these objections Aero Rental amended the plan in August 1970. Before the plan, in its amended form, was approved, further objections to the plan were raised. As a result, Aero Rental made further amendments to the plan to comply with the objections. The plan in its final form was approved July 15, 1971. However, the favorable determination did not apply to the taxable years in issue—1968, 1969, and 1970—but only to taxable years ending after 1970. The Commissioner contended that the original provisions of the plan (1969) did not satisfy the requirements of section 401(a). In *Aero Rental,* as in the instant case, the Commissioner contended that section 401(b) was exclusive in application and that any amended plan which did not satisfy the provision of section 401(b) could not qualify for retroactive treatment. We held in *Aero Rental* that section 401(b) was not exclusive and that it merely operated as a safe harbor provision for purposes of obtaining retroactive treatment. Our holding in *Aero Rental* is based upon two primary considerations; i.e., (1) no circumstances arose which caused the objectionable provisions of the plan to be brought into operation, and (2) the employer there exercised reasonable diligence in attempting to obtain a favorable determination letter from the Internal Revenue Service. We need not decide whether petitioner satisfies the first requirement of *Aero Rental* as stated above because, unfortunately, petitioner cannot come within the second requirement; i.e., diligence on its part in seeking a favorable determination from the Internal Revenue Service that the plan was qualified.

The plan and trust agreement were executed on September 26, 1967, and the trustee requested a copy of the determination letter from petitioner on October 20, 1970, yet petitioner

never applied for a determination letter until February 20, 1973. Petitioner's actions can hardly be described as diligent, particularly in light of having the matter brought to its attention by the trustee.

In *Aero Rental,* the employer sought the determination letter with 6 months after it adopted the plan. In the instant case, petitioner waited 5 years and 5 months. To protect the deductions it claimed for contributions to the plan, petitioner should have been diligent in seeking the determination letter. We hold, therefore, that petitioner's case is distinguishable from *Aero Rental* and petitioner is not entitled to retroactive application of the amendments to the plan to allow deductions for its contributions made in the taxable years ending September 30, 1971, and September 30, 1972.

Respondent argues that we erred in *Aero Rental* in holding that section 401(b) is merely a "safe harbor" provision and not exclusive and retroactive effect can be attained even if the employer cannot come within the requirements of section 401(b). It is unnecessary for us to review our holding in *Aero Rental* because petitioner here cannot come within its rationale.

*Decision will be entered for the respondent.*