**D.J. LEE, M.D., INC.,**
**Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 89–1547, 89–1548.

United States Court of Appeals,
Sixth Circuit.

Submitted April 1, 1991.

Decided May 1, 1991.

Edward M. Janis, Westlake, Ohio, for petitioner-appellant.

Peter K. Scott, I.R.S., Office of Chief Counsel, Gary R. Allen, Acting Chief, Jonathan S. Cohen, Michael J. Roach, Brian C. Griffin, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for respondent-appellee.

Before MARTIN, GUY, and NELSON, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

The United States Tax Court determined that taxpayer, D.J. Lee, M.D., Inc., failed to make timely contributions to his defined benefit and money purchase plans for purposes of § 412(b)(3)(A) of the Internal Revenue Code. 26 U.S.C. § 412. This failure to make timely contributions resulted in each plan having an accumulated funding deficiency under § 412. The tax court, at 92 T.C. 291 (1989), found the excise tax imposed by § 4971(a) of the Code on an employer for maintaining a plan with an accumulated funding deficiency was applicable, even though taxpayer's deficiencies were unintentional. On appeal, taxpayer argues that the tax court erred in finding him liable for the excise tax imposed by § 4971(a) of the Code. For the following reasons, we affirm the decision of the tax court.

The facts of this case were aptly summarized by the tax court in its decision. For the sake of brevity, we will outline only those facts relevant to the issue before us. Taxpayer established an employees' defined benefit plan on October 1, 1977, and one year later, established an employees' money purchase pension plan. During taxpayer's fiscal year ending September 30, 1982, both plans were in effect and were qualified under § 401(a) of the Internal Revenue Code. Taxpayer was the employer responsible for contributing to the two plans. Taxpayer retained a pension consulting firm to advise him concerning his duties relating to the two plans.

On April 20, 1983, taxpayer applied for an extension of time in which to file the plans' annual returns for the fiscal year ending September 30, 1982. Thereafter, acting on his consultants' advice that his contribution to each plan was due by July 15, 1983, taxpayer made the necessary contributions by depositing a check dated July 13, 1983 into each plan's bank account. Taxpayer contemporaneously filed with the Internal Revenue Service an annual return for each plan for the year in issue. On each return, taxpayer acknowledged that each plan had "experienced a funding deficiency for the plan year," and, on an attached statement, requested the IRS to waive the excise tax attributable to the deficiency on the grounds that the taxpayer's accountant erroneously believed that an extension of time in which to file the plans' annual returns also extended the time period for making plan contributions. Under § 412(c)(10) of the Code, the taxpayer was required to make the necessary contributions to his plans within eight and one-half months after the close of the plan years, or in this case, before June 15, 1983.

At this stage of the proceedings, there is no dispute between the parties concerning the relevant facts. The taxpayer, relying on the erroneous advice of his plan consultant, failed to adequately fund his defined

benefit and money purchase plans. For this he was assessed a five percent excise tax on the total amount of underfunding pursuant to § 4971(a) of the Code. The tax court determined, *inter alia*, that the excise tax imposed by section 4971(a) was mandatory and not subject to an exception which would excuse an employer's unintentional or inadvertent failure to meet the minimum funding requirements. On appeal, taxpayer argues that § 4971(a) only applies to those accumulated funding deficiencies which are the result of an employer's willful decision to violate the minimum funding requirements of § 412 of the Code. Because this issue is one of statutory interpretation, we review the decision of the tax court *de novo*. *Humana Inc. v. Commissioner*, 881 F.2d 247 (6th Cir.1989); *Rose v. Commissioner*, 868 F.2d 851 (6th Cir.1989).

Section 4971(a), as in effect during the year in question, provided:

> **Initial Tax.**—For each taxable year of an employer who maintains a plan to which section 412 applies, there is hereby imposed a tax of 5 percent on the amount of the accumulated funding deficiency under the plan, determined as of the end of the plan year ending with or within such taxable year. The tax imposed by this subsection shall be paid by the employer responsible for contributing to or under the plan the amount described in section 412(b)(3)(A).

26 U.S.C. § 4971(a). The minimum funding requirements contained in § 412 were enacted by Congress to insure that pension plans would accumulate sufficient assets within a reasonable time to pay promised benefits to covered employees when they retire. H.R.Conf.Rep. No. 1280, 93d Cong., 2d Sess. 283 (1974), 1974–3 C.B. 415, 444. The excise tax imposed by § 4971 of the Code was intended by Congress to enforce compliance with these requirements. H.R. Rep. No. 807, 93 Cong., 2d Sess. 28 (1974), 1974–3 C.B. (Supp.) 236, 263; *see also International Union, UAW v. Keystone Consol. Indus., Inc.*, 793 F.2d 810, 813 (7th Cir.), *cert. denied*, 479 U.S. 932, 107 S.Ct. 403, 93 L.Ed.2d 356 (1986). The statutory language of this section is mandatory and does not contain any language authorizing the Commissioner to excuse a taxpayer from liability if taxpayer's failure to comply with the minimum funding requirements was due to reasonable cause. *Compare* § 6651(a) of the Internal Revenue Code, 26 U.S.C. § 6651(a) (taxpayer can avoid additional tax for failure to timely file by showing reasonable cause and not willful neglect).

Taxpayer argues that the legislative history of § 4971(a) indicates Congress intended only to penalize those employers who make a conscious, willful decision to ignore the minimum funding requirements of § 412. Taxpayer, however, is unable to support this interpretation of § 4971 by reference to any language in the Code itself. It is a well-established rule of statutory construction that we must first look to the plain language of the statute to determine its meaning. *Bradley v. Austin*, 841 F.2d 1288 (6th Cir.1988); *McBarron v. S & T Industries, Inc.*, 771 F.2d 94 (6th Cir. 1985). "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors, Inc.* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982) (quoting *United States v. American Trucking Ass'ns, Inc.*, 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940)). In this case, the language of the Code is unambiguous and we treat it as conclusive. *United States v. Premises Known as 8584 Old Brownsville Rd., Shelby Cty., Tenn.*, 736 F.2d 1129, 1130 (6th Cir.1984). There is simply nothing in the language of the Code to support the interpretation of § 4971(a) advanced by the taxpayer.

To the contrary, both the language and the structure of § 4971 supports the conclusion that Congress intended the five percent excise tax to apply to all failures to satisfy the minimum funding requirements of § 412. Section 4971(a), by its terms, imposes a tax "of 5 percent on the amount of the accumulated funding deficiency" on any employer whose plan is subject to the minimum funding requirements of § 412, if the employer fails to make sufficient con-

tributions to the plan to assure that the plan does not experience an accumulated funding deficiency.

Congress recognized, however, that enforcement of the minimum funding requirements of § 412 could cause financially troubled employers to terminate their plans rather than be subject to the excise taxes of § 4971. *See* H.R.Rep. No. 779, 93d Cong., 2d Sess. 80, 1974–3 C.B. 244, 323. To alleviate this problem, Congress authorized the Internal Revenue Service to temporarily waive the minimum funding requirements in cases of substantial business hardship. Employee Retirement Income Security Act of 1974 § 303(a), 29 U.S.C. § 1083(a). Thus, a financially troubled employer can avoid the imposition of § 4971 by obtaining a waiver of the minimum funding requirements from the IRS. *See* Rev.Proc. 83–41, 1983–1 C.B. 775 (outlining the necessary procedure to obtain such a waiver). Presumably, if Congress felt there were other circumstances in which the imposition of the five percent excise tax could be waived, it would have so indicated in the language of the Code.

Furthermore, § 4971 establishes a two-tier excise tax. The first tier, the five percent excise tax of § 4971(a), was intended to impose a relatively modest penalty on all accumulated funding deficiencies, whereas the second tier, the 100 percent excise tax of § 4971(b), was intended to impose a much harsher penalty on an employer who has failed to correct an accumulated funding deficiency after being notified. This structure, of course, provides an employer with an opportunity to correct the accumulated funding deficiency before the 100 percent excise tax is imposed. This reflects the delicate balance struck by Congress of insuring compliance of the minimum funding requirements while concurrently providing the statute with administrative flexibility. In fact, by adopting this two-tier tax structure, Congress specifically made allowances for an employer whose accumulated funding deficiency was the result of an unintentional or inadvertent error. In such cases, the employer is only subject to the five percent excise tax and is given an opportunity to correct the under-

funding before the 100 percent tax is imposed. We see no reason to grant employers another level of procedural protection above that adopted by Congress.

Congress specifically authorized the IRS to waive the imposition of the 100 percent tax under § 4971(b) in appropriate cases. ERISA § 3002(b), 29 U.S.C. § 1202(b). The IRS is also authorized to grant an employer attempting to correct an accumulated funding deficiency "any period which the Commissioner determines is reasonable and necessary to bring about correction" of the funding deficiency before imposition of the 100 percent tax under § 4971(b). Treas. Reg. § 53.4963–1(e)(3) (as amended in 1990). Congress did not, however, provide for any possible waiver of the five percent tax under § 4971(a), nor did it provide any means for an employer to correct an accumulated funding deficiency before being subject to the five percent tax. This leads to but one conclusion: Congress meant the five percent excise tax of § 4971(a) to apply in *all* cases where an employer has an accumulated funding deficiency.

Therefore, the decision of the tax court is affirmed.