T.C. Memo. 2000-250

UNITED STATES TAX COURT

SUSAN JANE HOYEZ, C.P.A., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13572-98.                        Filed August 10, 2000.

Susan Jane Hoyez, pro se.

<u>Nhi T. Luu-Sanders</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's 1993 Federal excise tax and an
addition to tax under section 6651(a)(1) in the respective
amounts of $415 and $104.  The issue is whether a contribution to
petitioner's pension plan was timely under section 412.[1]

_____

[1]     Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

Petitioner resided in Portland, Oregon, at the time the petition was filed.

This case was submitted fully stipulated under Rule 122, and the facts may be summarized as follows. Petitioner is a certified public accountant doing business as a sole proprietorship. On November 22, 1993, petitioner adopted a revised money purchase pension plan (the Plan) effective January 1, 1993. The Plan was adopted to meet the requirements of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, and subsequent legislation including the Omnibus Budget Reconciliation Act of 1993, Pub. L. 103-66, 107 Stat. 312.

The Plan is a qualified plan within the meaning of section 401. The Plan is subject to the funding requirements of section 412, and petitioner is an employer within the meaning of section 412. Both petitioner and the Plan have taxable years ending December 31. Petitioner made contributions to the Plan for 1993 of $1,491 and $4,145 on April 28 and October 3, 1994, respectively.

Respondent determined that the October 3, 1994, contribution was made after the period allowed by section 412(c)(10)(B). As a consequence the Plan failed to meet the minimum funding standard for 1993. Respondent also determined that petitioner failed to file a Form 5330, Return of Excise Taxes Related to Employee Benefit Plans. Respondent issued a notice of deficiency for 1993

for excise tax under section 4971(a) and imposed a failure to file penalty under section 6651(a)(1).

Discussion

A. Excise Tax Under Section 4971(a)

Section 412 was designed to ensure that qualified plans would accumulate sufficient assets to meet those plans' obligations to their beneficiaries.  See H. Rept. 93-779, at 73 (1974), 1974-3 C.B. 244, 316.  Section 412(a), in part, provides:

> A plan to which this section applies shall have satisfied the minimum funding standard for such plan for a plan year if as of the end of such plan year, the plan does not have an accumulated funding deficiency. For purposes of this section and section 4971, the term "accumulated funding deficiency" means for any plan the excess of the total charges to the funding standard account for all plan years (beginning with the first plan year to which this section applies) over the total credits to such account for such years or, if less, the excess of the total charges to the alternative minimum funding standard account for such plan years over the total credits to such account for such years.
> * * *

To ensure that a qualified plan maintains minimum funding, section 412(b)(1) requires employers to maintain a "funding standard account" for each plan.  Charges to the account consist of the normal cost of the plan for the plan year and the amortization of certain costs and liabilities.  See sec. 412(b)(2).  Credits to the account consist, generally, of employer contributions for the plan year and the amortization of certain adjustments.  See sec. 412(b)(3).

At the end of each plan year, if the charges to the account (defined by section 412(b)(2)) exceed the credits (defined by section 412(b)(3)), the excess is referred to as an "accumulated funding deficiency". Sec. 412(a). If there is an accumulated funding deficiency for a plan year, the plan is underfunded, and the employer is subject to excise tax under section 4971(a). See secs. 412(a), 4971(a). Section 4971(a) imposes a 10 percent tax upon the amount of the accumulated funding deficiency. Section 4971(e) provides that the tax shall be paid by the employer responsible for contributing to the plan.

Under section 412(b)(3)(A) the funding standard account shall be credited with "the amount considered contributed by the employer to or under the plan for the plan year". This amount includes contributions made during the plan year and certain contributions made after the close of the plan year. Section 412(c)(10)(B) provides that

> any contributions for a plan year made by an employer after the last day of such plan year, but not later than two and one-half months after such day, shall be deemed to have been made on such last day. For purposes of this subparagraph, such two and one-half month period may be extended for not more than six months under regulations prescribed by the Secretary.

Section 11.412(c)-12(b)(1), Temporary Income Tax Regs., 41 Fed. Reg. 46597 (Oct. 22, 1976), provides:

> (b) <u>Six month extension of two and one-half month period</u>. (1) For purposes of section 412 a contribution for a plan year to which section 412 applies that is made not more than eight and one half months after the end of such

plan year shall be deemed to have been made on the last day of such year.

The issue in this case is whether the October 3, 1994, contribution to the Plan was timely. Both parties agree that the contribution to the Plan made on October 3, 1994, was made more than 8-1/2 months after the plan year ended. Petitioner contends that the language of section 412(c)(10)(B) acts as a safe-harbor and not as a definitive deadline. Petitioner argues that section 412(c)(10)(B) does not contain any language indicating that it is the sole time period in which a deemed contribution can be timely made. Petitioner points to the language of section 412(b)(3)(A), i.e., "the amount considered contributed by the employer to or under the plan for the plan year", and contends that the use of the phrase "plan year" indicates that other time periods are contemplated by the statute.

We cannot read the phrase "plan year" in section 412(b)(3)(A) to mean that separate time periods are contemplated by the statute. The use of the phrase "plan year" is a reference to the actual calendar or fiscal tax year of the plan. In this case, references to the "plan year" would be references to the Plan in 1993 that ended December 31. Section 412(c)(10)(B) determines when a contribution is deemed contributed, not section 412(b)(3)(A). If an amount is deemed contributed under section 412(c)(10)(B), section 412(b)(3)(A) simply acts to credit that amount to the funding standard account. Section 412(c)(10)(B)

provides that the "two and one-half month period may be extended for not more than six months". That language sets a definitive time limit.

Moreover, the legislative history of section 412 does not support petitioner's "safe-harbor" argument. The conference report states that

> the contribution may relate back to the plan year if it is made within 2-1/2 months after the close of that plan year, plus any extension granted by the Internal Revenue Service up to an additional 6 months (for a maximum of 8-1/2 months after the end of the year). [H. Conf. Rept. 93-1280, at 290 (1974), 1974-3 C.B. 415, 451; emphasis added.]

The use of the word "maximum" is also definitive. The legislative intent was to create a fixed time period in which deemed contributions would be allowed.

Petitioner contends that section 412(c)(10)(B) should be read to allow deemed contributions beyond the 8-1/2 months because of our holding in Aero Rental v. Commissioner, 64 T.C. 331 (1975). In Aero Rental we held that the statutory timeframe of section 401(b) for retroactive amendments acted as a safe-harbor and was not a definitive deadline. The taxpayer in Aero Rental initiated a stock bonus plan in December 1969. The taxpayer requested a determination that the plan qualified under section 401 in June 1970. After extended negotiations with the Commissioner, the taxpayer amended the plan to comply with the Commissioner's position in July 1971. But the Commissioner disallowed the taxpayer's deductions for plan contributions for

1969 and 1970 on the ground that the plan in actual operation had not met the requirements of section 401 during those years.

The Court found that the legislative history indicated that Congress did not intend that section 401(b) would set an exclusive time period. We noted that Congress subsequently amended section 401(b) to give the Commissioner discretion in determining the amount of time to permit retroactive amendments. Furthermore, the taxpayer had negotiated with the Commissioner in good faith and acted in a timely manner. We concluded that section 401(b) was not an exclusive timeframe, but was intended to act only as a safe-harbor, and, therefore, the taxpayer's retroactive amendments were valid.

But we are faced with a different statute here. In cases specifically dealing with the time limit of section 412(c)(10)(B), the Court has adhered to the strict language of the statute and the regulations. See D.J. Lee, M.D., Inc. v. Commissioner, 92 T.C. 291 (1989), affd. 931 F.2d 418 (6th Cir. 1991); Wenger v. Commissioner, T.C. Memo. 2000-156. Moreover, Aero Rental v. Commissioner, supra, has not been expanded to apply outside of section 401, and it has been narrowly construed within the confines of section 401. See, e.g., Bolinger v. Commissioner, 77 T.C. 1353, 1360-1361 (1981); Jack R. Mendenhall Corp. v. Commissioner, 68 T.C. 676, 682 (1977); Pawlak v. Commissioner, T.C. Memo. 1995-7. Finally, there is no indication

that Congress intended to create a case-by-case reasonableness determination of whether a contribution could be deemed timely. We sustain respondent's determination of the excise tax.[2]

B. <u>Failure To File Penalty</u>

Section 6011(a) provides that, when required by regulations, any person liable for a tax shall make a return. Section 54.6011-1(a), Pension Excise Regs., requires any employer who is liable for the tax under section 4971(a) to file an annual return on Form 5330. Petitioner did not file such a return.

Section 6651(a)(1) imposes a minimum addition to tax for failure to timely file a return in the amount of $100 or 5 percent of the amount of tax due per month for each month that a return is not timely filed, not to exceed 25 percent "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985). Petitioner has not addressed this issue, and, we assume that, if she is liable for the excise tax, she concedes the addition to tax under section 6651(a)(1).

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2] Petitioner contends that under IRS Publication 560, Retirement Plans for the Self-Employed, contributions can be retroactively applied to the previous year if the contributions are made by the due date of the employer's return. We have recently considered and rejected this argument. See <u>Wenger v. Commissioner</u>, T.C. Memo. 2000-156. We see no reason to restate our reasoning here.