THOMAS J. GREEN, JR., AND ELLEN S. GREEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7407–70.   Filed December 20, 1972.

*Gabriel T. Pap*, for the petitioners.
*Michael K. Phalin*, for the respondent.

HALL, *Judge:* The Commissioner determined a $406.33 deficiency in petitioners' 1967 Federal income tax.

The sole issue is whether automobile expenses incurred by Thomas J. Green, Jr. (petitioner), in driving between his Long Island residence and his Manhattan business office via various clients' Manhattan offices on 80 specific days in 1967 are deductible business expenses.[1]

### FINDINGS OF FACT

All of the facts have been stipulated, and the stipulation of facts and exhibits attached thereto are incorporated herein by reference.

Petitioners are husband and wife, and resided in Port Washington, Long Island, New York, at the time they filed their petition. They filed a joint 1967 Federal income tax return with the district director of internal revenue, Manhattan, New York.[2]

During 1967 petitioner was employed by the American Broadcasting Co. (ABC) as a salesman of television time. His business office was located in Manhattan, the principal place of business of ABC. His sales territory was the New York City metropolitan area.

Petitioner owned and lived in a seven-room house in Port Washington. In this house was a den where petitioner spent time in the evening reviewing his notes of the day's business activities, studying television rating material, reviewing television advertisements of ABC and its competitors, and making plans for his next day's business activities.[3] Petitioner's reasons for doing some of his work at home rather than at his regular office were purely personal in nature.

Petitioner traveled from his home to his Manhattan office by train one-fifth of the time and by private automobile four-fifths of the time during 1967. The distance between petitioner's home and his office is 25 miles. On the 80 specific days in issue petitioner drove to Manhattan, stopping to make a business visit at a Manhattan client's office before reporting to his own Manhattan office. The offices of all such clients were located within 1 mile of petitioner's Manhattan office.

Petitioner has not demonstrated what portion of the automobile expenses he claims as a deduction is attributable to trips within Manhattan between his clients' offices and petitioner's Manhattan office.

### OPINION

Section 162 provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any

---

[1] All other issues have been settled by stipulation of the parties.

[2] Ellen S. Green is a party to this action solely because a joint income tax return was filed.

[3] The parties agree that petitioner is entitled to deduct as a business expense $144.28 in 1967 representing the fair rental value of this den.

trade or business." [4] Section 262 disallows any deduction for "personal, living, or family expenses" except as otherwise expressly provided in the Internal Revenue Code. Commuting expenses are nondeductible personal expenses. Sec. 1.162–2(e), Income Tax Regs.

Petitioner contends that the expense of the 80 round trips between his Long Island residence and his Manhattan business office via Manhattan clients' offices is a deductible business expense on the grounds that he has two places of work, the den in his home and his office in Manhattan with his employer, and travel between them is not commuting. Respondent argues that the travel expenses in issue are nondeductible commuting costs. We agree with respondent.

Petitioner, rather literalistically, contends that if his den is a "place of business" within the meaning of the regulations under section 262 [5] (and it is conceded that it is), then the den must also be a "place" at which "you work" within the meaning of the Internal Revenue Service publication entitled "Your Federal Income Tax." [6] Asserting his reliance on this publication, petitioner concludes that he may properly deduct the expense of proceeding daily from his den to his clients' Manhattan offices and back. We cannot agree with petitioner's theory which would, if accepted, facilitate ready evasion of the well-settled rule of law barring deduction of commuting expenses.

In the first place, even if Your Federal Income Tax were construed to permit deduction of what would otherwise be nondeductible commuting expenses, it is clear that the sources of authoritative law in the tax field are the statute and regulations, and not informal publications such as Your Federal Income Tax. *Dixon* v. *United States*, 381 U.S. 68, 73 (1965); *Adler* v. *Commissioner*, 330 F. 2d 91, 93 (C.A. 9, 1964); *Eugene A. Carter*, 51 T.C. 932, 935 (1969).

Secondly, petitioner's argument places excessive reliance on the few words he selects from Your Federal Income Tax, and ignores the clear purport of the booklet as a whole. Your Federal Income Tax, *supra* at 45, makes it quite clear that commuting expenses are nondeductible. There would be no vitality to this principle if it could be avoided by the ready expedient of voluntarily doing some evening homework before proceeding to the office the following day.

---

[4] All statutory references, unless otherwise indicated, are to the Internal Revenue Code of 1954, as amended.

[5] Sec. 1.262–1(b)(3), Income Tax Regs., states: "Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense."

[6] Your Federal Income Tax, 1968 ed. for individuals, states at p. 45: "If you worked at two places in a day whether or not for the same employer, you may deduct the expense of getting from one such place to the other."

The terms "place of business" and "place" at which "you work" are not words of art, and petitioner's reliance on their apparent verbal equivalence is overly simplistic. As Mr. Justice Holmes stated in *Towne* v. *Eisner*, 245 U.S. 418, 425 (1918): "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

We have no hesitancy in holding that whether or not petitioner's den was a "place of business" within the meaning of the regulations under section 262, it was not a place of work within the meaning of Your Federal Income Tax. For a personal residence to be a place of work for purposes of avoiding the prohibition on deduction of commuting expenses, it must at the least be a "principal office." [7] By no stretch of the imagination could petitioner's den be appropriately so described.

Petitioner's principal place of work is his office located at ABC's Manhattan headquarters. The offices of his clients within his New York metropolitan area sales territory are also places of work, and he is entitled to deduct the expense of traveling from his Manhattan office to his clients' offices and back. However, he is not entitled to deduct his commuting expenses from his Long Island home to his Manhattan office or his Manhattan clients' offices and return. Petitioner chose to live in Port Washington for personal reasons and commuting expenses between Port Washington and Manhattan are nondeductible personal expenses. *Commissioner* v. *Flowers*, 326 U.S. 465, 473 (1946). See *Steinhort* v. *Commissioner*, 335 F. 2d 496 (C.A. 5, 1964).

Petitioner has not proven that he was required by his employer or otherwise to have a den in his Long Island home, that he would have been unable to perform the same work at his principal business office, or that the den was maintained where it was for any reasons other than petitioner's personal preference and convenience. Petitioner has the burden of proof on such matters, and no evidence thereon has been introduced. Therefore, we find that petitioner's reasons for doing some of his work at home rather than at his regular office were purely personal in nature.

The mere fact that petitioner for personal reasons voluntarily chose to do some of his employer's work at his home did not convert his home to his first and last place of work on each of the 80 days in issue. As we stated in *Julio S. Mazzotta*, 57 T.C. 427 (1971), affirmed per curiam 465 F. 2d 1399 (C.A. 2, 1972), at page 429:

Because petitioner's secondary place of employment is his personal residence, petitioner argues that the cost of traveling to his residence in the evening is deductible. Petitioner's logic presents us with a paradox: When he is at his resi-

---

[7] See *Julio S. Mazzotta*, 57 T.C. 427 (1971), affirmed per curiam 465 F. 2d 1399 (C.A. 2, 1972).

dence, he is not at "home" but at work. We can resolve this tax problem without trying to solve petitioner's conundrum. The primary motivation for petitioner's trips from his major place of employment to his residence was personal. The primary purpose for these trips was to be home (in the popular sense of the term). We do not believe petitioner's statement that he would not have returned to his residence each evening had he not conducted business there.

Petitioner, more candid than petitioner in *Mazzotta*, concedes in his reply brief that he would have returned to his residence each evening to enjoy his family and eat his supper even if he had not planned to work in his den at night.

Moreover, respondent is not inconsistent in allowing petitioner to deduct the fair rental value of his den as an ordinary and necessary business expense while at the same time denying that the den in his home is his first and last place of work each day. Petitioner's position is "not essentially different from that of other taxpayers, particularly those engaged in the professions, who, for personal reasons sufficient to themselves, prefer to live in the suburbs and maintain limited personal office or shop facilities in their residence, but who commute daily to their principal place of employment in the city." *Smith* v. *Warren*, 388 F. 2d 671, 673 (C.A. 9, 1968).

The fact that petitioner's first stop is at the Manhattan office of a client does not transform commuting into a business trip to the extent the distance traveled does not exceed the distance from his home to his Manhattan office, but he is entitled to deduct the travel from his client's Manhattan office to his own Manhattan office. The general rule was set out in Rev. Rul. 55–109, 1955–1 C.B. 263, as follows:

Where an employee having only *one* employer is required to work part of the same day at each of two different locations within the same city, it is clear that he must make a business trip which is directly attributable to the actual performance of his duties, and that his necessary transportation expenses in going from his first to his second place of employment would generally be deductible. If he has to return to his first place of employment during that same day, his return trip would also be directly connected with the business and his return transportation expenses would likewise be deductible. However, if at the end of his workday he goes home directly from his second place of employment, his trip would ordinarily be regarded as commuting and his transportation expenses would be nondeductible, at least in those situations where his transportation expenses in going from that location to his home do not exceed those from his headquarters office to his home.

The distance between petitioner's clients' offices and his office in Manhattan has been stipulated to be no more than 1 mile. This is the only evidence available to the Court. Petitioner has failed to prove how many total miles these trips represent, and the Court has no adequate basis for making an estimate. Therefore, no part of the expense in issue will be allowed.

*Decision will be entered under Rule 50.*