EGON RADVANY and RUTH RADVANY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Radvany v. Commissioner
Docket No. 7560-74
United States Tax Court
T.C. Memo 1976-169; 1976 Tax Ct. Memo LEXIS 231; 35 T.C.M. (CCH) 769; T.C.M. (RIA) 760169; May 27, 1976, Filed *231 Ruth Radvany, pro se. Paul E. Vignone, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $831.39 in petitioners' income tax for the taxable year 1972. The sole issue is whether petitioners are entitled to a deduction for child care expenses under section 214. [1]
Petitioners, husband and wife, resided in New York, N.Y., at the time the petition herein was filed. During the taxable year 1972, they had adjusted gross income of $45,522.22 and paid $1,779.00 for employment-related expenses. Section 214 provides for a deduction of such expenses, and respondent does not question petitioners' right to the deduction on any ground other than their failure to satisfy the requirement of subsection (d) of that section which specifies that the deduction be reduced by one half of the excess of petitioners' adjusted gross income over $18,000. [2] Petitioners' sole defense rests upon the proposition that under the instructions contained in Internal Revenue Publication *232 17, "Your Federal Income Tax 1973 Edition" for use in preparing 1972 returns, the foregoing limitation does not apply to employment-related expenses incurred for services rendered outside the household [3] as contrasted with those incurred for services rendered in the household. Petitioners' contention must be rejected. In the first place, we think that a proper reading of respondent's publication indicates that there is no such distinction as petitioners seek to draw and that the $18,000 limitation applies across the board. In the second place, even if petitioners' interpretation of respondent's publication were correct, the statute itself makes no such distinction and accordingly neither we nor respondent would be bound to accept petitioners' contention. See Carpenter v. United States,495 F.2d 175, 184 (5th Cir. 1974); *233 Thomas J. Green, Jr.,59 T.C. 456, 458 (1972), and cases cited therein. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.↩
2. The figure has been raised to $35,000 for taxable years beginning after March 29, 1975. See Pub. L. 94-12, sec. 206, 94th Cong., 1st Sess. (1975). ↩
3. According to petitioners, the expenditures involved herein were for child care at a nursery school and respondent does not dispute this fact. Consequently, they qualify as employment-related expenses. See sec. 1.214-1(f)(2), Income Tax Regs.↩