ELIZABETH S.C. ASHBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ashby v. Commissioner
Docket No. 22831-82.
United States Tax Court
T.C. Memo 1984-121; 1984 Tax Ct. Memo LEXIS 553; 47 T.C.M. (CCH) 1259; T.C.M. (RIA) 84121; March 12, 1984. Elizabeth S.C. Ashby, pro se. Susan Grossman, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. V (July *554 1983). Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $2,006.14. The only issue remaining for decision is whether petitioner is entitled to claim the filing status of a single person. During 1979, Elizabeth Ashby (petitioner) and her husband Howard Ashby, who were residents of the State of New York executed a Memorandum of Separation Agreement after which they maintained separate residences. The memorandum was filed with the clerk of court but was not executed pursuant to any court order. Petitioner filed her 1979 tax return, claiming the filing status of a single person and applying the tax rates imposed by section 1(c). To qualify for the tax rates imposed by section 1(c), the principal requirement is that the taxpayer must not be a married individual. For the determination of marital status, section 1(c) incorporates the definition in section 143. Under section 143(a)(2) "An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Petitioner *555 maintains that she is entitled to use the income tax rates for single persons since she was separated under New York law. We agree that petitioner was separated. However, the separation resulting from the filing of the separation agreement was not judicial in nature but could be abrogated by the parties upon reconciliation and resumption of cohabitation. Donigan v. Commissioner, 68 T.C. by court order. The court defines the duties of the spouses and the judgment is not abrogated should the parties reconcile. Thus, petitioner was separated but not judicially separated. Because the separation was not pursuant to a court order, petitioner does not satisfy the requirements of section 143 and is not entitled to use the tax rates for single persons. Donigan v. Commissioner,supra. Cf., section 1.143-1(a), Income Tax Regs.
Petitioner contends that if she is not in fact a single person for purposes of section 1(c), then respondenths instructions for completion of petitioner's income tax return were erroneous and/or misleading, and to the extent she relied upon the instructions, respondent should be estopped from arguing that the law is other than he has represented it to *556 be. Although we do not agree with petitioner's conclusion, the law is well settled that even if respondent's publication is erroneous or is a misleading interpretation of the law, he is not bound by such publication. Green v. Commissioner,59 T.C. 456, 458 (1972). See Painter v. Commissioner,T.C. Memo. 1976-164; Elliott v. Commissioner,T.C. Memo. 1971-239. Finally, petitioner maintains that respondent's failure to correct or clarify the instructions in subsequent publications displays an intent to continue to apply the law as stated in the instructions to other taxpayers and to arbitrarily apply a different standard to the petitioner. Her position iw without merit. Petitioner has not presented this Court with any evidence that respondent interprets the statute differently with respect to similarly situated taxpayers. Furthermore, as we stated earlier, our cases are clear that a judicial separation order is necessary for petitioner to be considered separated for purposes of sections 143(a) and 1(c). Therefore, petitioner is not entitled to claim the filing status of a single person for the year 1979. Decision will be *557 entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩