CHARLOTTE L. WHITE AND WENDELL L. WHITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket Nos. 17104-84, 16121-85.
United States Tax Court
T.C. Memo 1986-490; 1986 Tax Ct. Memo LEXIS 118; 52 T.C.M. (CCH) 702; T.C.M. (RIA) 86490; September 29, 1986. *118 Held, miscellaneous deductions determined; deduction for inflation disallowed; respondent's claim for addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a)(1), I.R.C. 1954, sustained. Charlotte L. White and Wendell L. White, pro se. Mary Schewatz, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: In these consolidated cases, respondent determined the following deficiencies: Addition to Tax
Year
Deficiency
Section 6653(b)(1) [1]
1979
$3,756.00
1980
3,938.00
1981
1,900.00
$950.00
*119 After concessions, the issues for decision are: 1. Whether petitioners have established and substantiated Schedule C business expenses claimed on their 1979 and 1980 Federal income tax returns; 2. Whether petitioners are entitled to deductions for inflation in the amounts of $16,448.00, $15,239.00 and $16,543.56, claimed on their 1979, 1980 and 1981 income tax returns, respectively; 3. Whether petitioners are entitled to deductions for employee business expenses during the taxable years 1979, 1980 and 1981; 4. Whether petitioners correctly reported their state sales tax deduction on their 1979 and 1980 returns; 5. Whether petitioners are entitled to deduct $663.00 for "other taxes, real estate and customs" claimed on their 1980 return; and 6. Whether petitioners' underpayment of tax for the taxable year 1981 was due to negligence or intentional disregard of rules and regulations. At the trial of this case petitioners conceded that they failed to report Schedule C gross receipts of $100.00 on their 1979 return. Petitioners also concede $1,000.00 of medical expenses claimed on their 1981 return. Respondent concedes that petitioners are entitled to deductions *120 for employee business expenses in the amount of $548.64 on their 1979 return, $128.33 on their 1980 return and $207.31 on their 1981 return. Respondent also concedes that petitioners are entitled to a child care credit in the amount of $120.60 on their 1980 return. In his answer in docket No. 16121-85 relating to 1981, respondent asserts in the alternative the addition to tax for negligence under section 6653(a)(1)[2] in the event the Court determines that petitioners are not liable for the addition to tax for fraud under section 6653(b). At the beginning of the trial respondent's counsel announced that respondent does not wish to pursue the fraud addition issue and instead asserts the section 6653(a)(1) negligence addition for 1981. We combine our findings of fact and opinion to facilitate disposition of the contested issues. Some of the facts have been stipulated. With the exception of paragraphs *121 17 through 23 of the signed stipulation of facts, the stipulation and attached exhibits are incorporated herein by reference.Respondent and petitioner Charlotte L. White (Charlotte) do not stipulate paragraphs 17 through 23 of the stipulation of facts, which were inserted by petitioner Wendell L. White (Wendell), and paragraphs 17 through 23 are accordingly not incorporated herein by reference. Petitioners, husband and wife, resided in California at the time they filed their petition herein. Business Expense Deductions
On their 1979 and 1980 Federal income tax returns, petitioners claimed that they were engaged in various businesses including, but not limited to, car rental, videotaping, taped music, lawn care, jury duty, chickens and secretarial services. Petitioners listed their main business activity as "diversified" on both the 1979 and 1980 tax returns. They reported total gross receipts of $176.85 on the Schedule C of their 1979 tax return and $608.75 on Schedule C of their 1980 return. Petitioners claimed business expenses of $8,344.75 in 1979 and $9,868.84 in 1980 on the Schedule Cs attached to their returns. [3]
*122 When questioned regarding his gross receipts for 1979, Wendell could not remember the sources of gross receipts and admitted that petitioners had no records for this income. It is painfully apparent from Wendell's confused, rambling and disjointed testimony in this case that petitioners' only significant business activity was Charlotte's work as a registered nurse. Wendell's activities during the years in question appear to have consisted of occasional odd jobs, such as typing and lawn care, and engaging in hobbies, such as videotaping entertainers at Magic Mountain. In any event, petitioners' claimed business expenses related to these activities are so disproportionate to the occasional small amounts received (e.g., $27.75 received in 1979 by Wendell as a "legal secretary") as to defy credibility. Petitioners were able to produce no substantiation for the Schedule C deductions claimed. Respondent's determination is sustained on this issue. Inflation Deduction
Petitioners, on their 1979, 1980 and 1981 tax returns, claimed deductions of $16,334.15, $15,238.61, and $16,543.56, respectively, for "inflation." Attached to petitioners' 1979 and 1980 tax returns are documents *123 which discuss Federal Reserve Notes. At trial, Wendell also attempted to testify regarding Federal Reserve Notes and inflation. Petitioners' arguments have repeatedly been held to constitute frivolous tax protester rhetoric. This Court has likewise held as frivolous allegations that Federal Reserve Notes received in payment for services rendered do not constitute taxable income. Although petitioners' arguments are based on a combination of "inflation" as well as "Federal Reserve Notes" factors, they boil down to the same type of allegations previously made and rejected by Courts of Appeal and this Court on numerous occasions. See, for example, Birkenstock v. Commissioner,646 F.2d 1185 (7th Cir. 1981), affirming T.C. Memo. 1979-201; Hatfield v. Commissioner,68 T.C. 895 (1977). Respondent's determination is sustained on this issue. Employee Business Expenses
Petitioners on Schedule A of their 1979 return claimed $1,590.45 for miscellaneous deductions. Included in this amount were employee business expenses and car mileage. Petitioners and respondent stipulated to certain documents including receipts, bills and cancelled *124 checks for expenses claimed by Charlotte in her capacity as a registered nurse. Some of these expenses are for the years 1980 and 1981 which were not challenged in the statutory notices of deficiency, since petitioners did not claim any deductions for Charlotte's expenses as a nurse on the 1980 and 1981 returns. Based upon the exhibits submitted at trial and Charlotte's testimony, respondent has conceded that petitioners are entitled to $548.64 for employee business expense deductions on their 1979 tax return, $128.33 as employee business expense deductions on their 1980 tax return and $207.31 as employee business expense deductions on their 1981 tax return. With respect to the remaining miscellaneous deductions claimed on petitioners' 1979 return, petitioners failed to substantiate those amounts. Charlotte claimed that she was entitled to $600.00 for the purchase of an automobile in 1980. She testified at trial that she purchased this automobile at a time when she was separated from Wendell in order to drive to and from work. She admitted, however, that she only used the automobile to drive to and from work and did not use it to drive from one place of work to another. Commuting *125 expenses are not deductible. Commissioner v. Flowers,326 U.S. 465, 473 (1946); Green v. Commissioner,59 T.C. 456, 459 (1972); section 1.162-2(e), Income Tax Regs. Therefore, petitioners are not entitled to the cost of the automobile as a miscellaneous deduction. Sales Tax Deductions
In general, taxpayers are allowed a deduction for state sales tax under section 164. In this case, petitioners were allowed the optional state sales tax table amounts by respondent in the notices of deficiency for 1979 and 1980. Petitioners claimed amounts above the amounts allowed by the optional state sales tax table. When a taxpayer claims a deduction for sales taxes in excess of the amount allowable under the optional sales tax tables, he must furnish evidence to support all sales taxes paid.An exception to this rule is the sales tax on an extraordinary purchase such as an automobile, which ordinarily may be deducted in addition to the table amount. In this case, however, petitioners have substantiated no amount. See Meyen v. Commissioner,T.C. Memo. 1982-536; Henson v. Commissioner,T.C. Memo. 1979-110. Since petitioners *126 failed to prove that they were entitled to any sales tax amounts above those allowed by respondent in his notice of deficiency, the amounts claimed in excess of amounts determined under the optional state sales tax table are disallowed. Real Estate, Customs and Other Taxes
On their 1980 return, petitioners claimed a deduction of $603.88 for real estate tax and $59.00 for customs. Petitioners testified, however, that they rented their residence in 1980. Petitioners also had two rental properties in 1980. Pursuant to section 164, petitioners are allowed a deduction for real estate taxes. However, in this case petitioners claimed real estate taxes for the rental properties on the Schedule E attached to their 1980 return. Consequently, the claimed real estate taxes as an itemized deduction would amount to allowing petitioners a double deduction for real estate taxes in 1980. The itemized deduction for real estate tax is therefore disallowed. Section 1.164-2, Income Tax Regs., denies deductions in case of certain taxes. Subsection (f) of section 1.164-2 specifically states that Federal import or tariff duties are among those for which the deduction is denied under section *127 164.In this case, petitioners submitted copies of a customs declaration (a document which was permitted to be submitted after trial) showing that they paid $59.00 for "package small rug (personal effects)." Petitioners did not claim that the customs duty they paid was a business expense. Therefore, they are not entitled to the claimed $59.00 deduction for customs. Addition To Tax For Negligence
Respondent raised the issue of the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a)(1) by way of an affirmative allegation contained in his answer in docket No. 16121-85. The burden of proof is therefore on respondent. Rule 142(a). Nevertheless, respondent has carried that burden. Petitioners' claim to an inflation deduction makes this case "but one 'in a seemingly endless series of tax cases challenging the federal monetary system.'" Birkenstock v. Commissioner,646 F.2d 1185, 1186 (7th Cir. 1981), affirming T.C. Memo. 1979-201. Taxpayers have uniformly not prevailed in these types of cases. Petitioners' stubborn persistence in advancing Federal Reserve Note arguments to support so-called inflation *128 deductions amply justifies the imposition of the addition to tax under section 6653(a)(1), and we so hold. Decisions will be entered under Rule 155.
Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent cites section 6653(a) but proceeds under section 6653(a)(1), applicable to taxes the last day prescribed for payment of which is after December 31, 1981. Section 722(b)(1), Pub. L. 97-34, 95 Stat. 342. Section 6653(a)(1) is identical to former section 6653(a)↩.
3. Included as expenses on the 1980 return was the amount of $1,748.29 for "Engr-nursing." Petitioners raised the issue of Charlotte's employee business expenses as a nurse at trial and respondent conceded $128.33 on brief.↩