CURTIS A. COOKE AND JEANNE H. COOKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooke v. Commissioner
Docket Nos. 4179-90, 8512-90
United States Tax Court
T.C. Memo 1991-222; 1991 Tax Ct. Memo LEXIS 244; 61 T.C.M. (CCH) 2647; T.C.M. (RIA) 91222; May 22, 1991, Filed *244 Decisions will be entered under Rule 155. Curtis A. and Jeanne H. Cook, pro se. Russell K. Stewart, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION These consolidated cases were heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income taxes for the years 1985 and 1986 in the amounts of $ 2,028.00 and $ 7,031.00, respectively. Respondent also determined additions to tax for the years 1985 and 1986 as follows: Additions to tax under sections
Year
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1985
$ 101.00
* 1986
$ 352.00
**
$ 1,758.00
After concessions *245 by the parties, the issues for decision are (1) whether petitioners are entitled to automobile expense deductions taken in 1985 and 1986, (2) whether petitioners are entitled to an investment tax credit claimed in 1985, (3) whether petitioners are entitled to travel and entertainment expense deductions taken in 1985 and 1986, (4) whether petitioners are liable for the additions to tax under section 6653(a) for negligence or an intentional disregard of rules or regulations, and (5) whether petitioners are liable for the addition to tax under section 6661 for a substantial understatement of their 1986 income tax. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Malvern, Pennsylvania, at the time the petition was filed. For the years in issue, Curtis Cooke (Mr. Cooke) was employed as an insurance salesman by the Equitable Financial Companies (Equitable). His wife, Jeanne H. Cooke (Mrs. Cooke), was employed part time as a private duty registered nurse from September through June. Mr. Cooke worked out of an office provided by Equitable, although he frequently *246 drove to other locations to meet with potential clients. These meetings with potential clients occasionally included business lunches. Mr. Cooke primarily drove a Buick he had leased when traveling to and from his job and to meet with clients. In 1986, however, Mr. Cooke used a second leased vehicle for his travel after exceeding a mileage cap on the use of the Buick. This second vehicle, a Ford Aerostar van, was normally used by Mrs. Cooke when she drove to and from her job. Mrs. Cooke did not have an office. She worked at the home of her patient, driving there each day she was scheduled to work. Prior to leasing the Aerostar, petitioners had leased a 1982 Ford E-150 van. In December of 1985 petitioners returned the E-150 and paid off the amount remaining under the lease. They then leased the Aerostar and claimed an investment tax credit for the Aerostar on their 1985 tax return. On their 1985 and 1986 tax returns petitioners deducted expenses associated with the use of the Buick and the two vans. In determining the portion of expenses attributable to his business use of the vehicles, Mr. Cooke counted all miles he drove each day between a stop at his post office box on *247 the way to his office and a stop at his post office box on the way home. Mr. Cooke recorded this mileage in a diary he maintained for business use. Mrs. Cooke did not record her mileage traveling to and from her nursing job. In 1985 and 1986 Mr. Cooke attended Equitable's annual Million Dollar Roundtable Meetings. These are national meetings held for Equitable agents who have sold a required amount of insurance. In 1985 the meeting was held in San Francisco, California; in 1986 it was held in Orlando, Florida. Mr. Cooke took his family along to the 1986 Million Dollar Roundtable Meeting in Florida. To reduce expenses, petitioners used their family camper for the trip. Petitioners and their children stayed in the camper traveling to and from Florida as well as while they were there. In both 1985 and 1986 petitioners deducted the expenses attributable to Mr. Cooke's attendance at the Million Dollar Roundtable Meetings. In 1986 they also deducted the expenses attributable to the entire family's attendance at the meeting in Florida. Finally, in both years petitioners deducted expenses attributable to various business lunches Mr. Cooke had with potential clients. Respondent *248 disallowed the entire amount of petitioners' automobile expense and travel and entertainment expense deductions in both 1985 and 1986. Respondent also disallowed the investment tax credit claimed by petitioners in 1985. OPINION Respondent's determination is presumed correct and petitioners have the burden of proving that respondent's determination is erroneous. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). 1985 Automobile Expenses
In 1985 petitioners deducted automobile expenses incurred by both Mr. and Mrs. Cooke in connection with their employment. At issue for 1985 are the expenses Mrs. Cooke incurred traveling to and from her job as a private duty nurse. It is well settled that a taxpayer is not entitled to deduct expenses with respect to commuting between his residence and his place of employment. Secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.; Commissioner v. Flowers, 326 U.S. 465, 90 L. Ed. 203, 66 S. Ct. 250 (1946). For a taxpayer's personal residence to be a place of work for purposes of avoiding the prohibition on deduction of commuting expenses, the taxpayer's residence must at the least be his principal office. Green v. Commissioner, 59 T.C. 456, 459 (1972). *249 Mrs. Cooke did not conduct nursing as a business out of her home or maintain a home office. Petitioners did not present any other evidence to show that Mrs. Cooke's travel between her home and place of employment was not commuting. Accordingly, the auto expenses attributable to Mrs. Cooke's driving to and from work are not deductible. 1986 Automobile Expenses
In 1986 petitioners again deducted the automobile expenses they incurred in connection with their jobs. At issue for 1986 are the expenses Mrs. Cooke incurred traveling to and from her job and expenses Mr. Cooke claimed in connection with the business use of the Buick and the Aerostar van. Mrs. Cooke's automobile expenses in 1986 arise from travel between her home and the same place she worked in 1985. As there was no change in her employment circumstances, the automobile expenses are not deductible in 1986 for the reasons stated above. The automobile expenses deducted by Mr. Cooke in 1986 are attributable to several sources. The majority of the expenses arose from his use of the Buick and the Aerostar for travel to and from his office at Equitable and meetings with prospective clients. Mr. Cooke also claimed other *250 expenses that included the final lease payments on the E-150 van petitioners used prior to leasing the Aerostar van, costs associated with installation of a trailer hitch on the Aerostar, and the cost of trailer insurance. Petitioners and respondent have stipulated to an amount that will be allowed for use of the Buick. Remaining at issue is the percentage of business use applicable to the Aerostar and other expenses. Section 280F(d)(4) defines the term "listed property" to include any passenger automobile used. Section 274(d)(4) provides that before any deduction is allowed with respect to any listed property, a taxpayer must substantiate with adequate records or by sufficient evidence corroborating his own statement: (1) The amount of the expense, (2) the time and place of the travel or use of the property, and (3) the business purpose of the expense or other item. The vehicles used by Mr. Cooke fit within the definition of listed property. Thus, petitioners must demonstrate what percentage of their automobile expenses are attributable to business use by meeting the requirements of section 274(d). Petitioners have failed to meet these requirements, as they cannot demonstrate *251 the time and place the vehicles were used or the business purpose of the use. Aside from Mr. Cooke's testimony, the only evidence of business use that petitioners provided was a diary kept by Mr. Cooke. Entries in Mr. Cooke's diary typically consisted of a name and a time of day. Some of the entries were followed by a telephone number, others by an address, and still other entries were followed by both a telephone number and an address. There was nothing to specify whether Mr. Cooke had telephoned or actually called upon the person named. There was no statement of business purpose or notation of mileage traveled, even where the entries suggested that Mr. Cooke had met with the named person. Mr. Cooke's efforts at recording his business mileage consisted only of recording a number at the top of the page for each day in his diary. This number included the total miles Mr. Cooke traveled that day, less 36 miles attributable to the distance between his home and a post office box he checked on his way to and from work. Mr. Cooke apparently determined that all mileage driven between his stops at the post office was business mileage. In short, the diary fails to provide the substantiation *252 of business use required by section 274(d). As a result, none of the expenses attributable to Mr. Cooke's use of the van are deductible. Investment Tax Credit Taken In 1985
In December of 1985 petitioners returned the Ford E-150 and leased a new van, the Ford Aerostar. Pursuant to an agreement with the automobile dealer, the investment tax credit associated with the vehicle was assigned to petitioners and they claimed the credit that year. Petitioners claimed a credit in the amount of $ 1,352, although the maximum investment tax credit that could be taken on a passenger automobile in 1985 was $ 675. Sec. 280F(a)(1). For petitioners to be entitled to any portion of the investment tax credit they claimed, their business use of the automobile that year must exceed 50 percent of the automobile's use. Sec. 280F(b)(4). The business use of a passenger automobile must be substantiated with adequate records or sufficient evidence corroborating the taxpayer's own statements of the time, place, and business purpose of the automobile use. Sec. 274(d). As discussed above, petitioners were unable to substantiate the business use of the Aerostar in 1985. The diary Mr. Cooke provided *253 at trial did not meet the substantiation requirements imposed by section 274(d). Petitioners are, therefore, not entitled to any portion of the investment tax credit they claimed. Travel And Entertainment Expenses In 1985
At issue is $ 962 of travel and entertainment expenses petitioners deducted in 1985. The disputed travel and entertainment expenses fall into two groups. The first group consists of various expenses Mr. Cooke incurred attending the Million Dollar Roundtable meeting in San Francisco, California. These expenses include the cost of the convention itself, the cost of traveling to and from airports, and the cost of meals at the convention. The second group of expenses includes other business meals petitioner had throughout the year. Respondent disallowed these expenses on the basis that petitioner failed to substantiate them in accordance with the requirements of section 274. At trial respondent conceded meal expenses of $ 14 a day for petitioner's 6 days attending the convention in San Francisco. The rest of the convention expenses and all of petitioner's business meal expenses remain in issue. Petitioner has the burden of substantiating his expenses by *254 providing adequate records or sufficient evidence that corroborates his own testimony concerning (1) the amount of his expenses, (2) the time and place of his travel and entertainment, (3) the business purpose of the travel and entertainment, and (4) with regard to the business meals, the business relationship with the person entertained. Sec. 274(d). Petitioners have failed to meet these requirements. Mr. Cooke did not provide any evidence to substantiate his costs traveling to and from the airports, nor did he provide evidence of the cost of the meetings themselves. Petitioner did provide a diary to substantiate his various business meals throughout the year. However, the diary did not list the business purpose of those meals or the business relationship of the person being entertained. Because petitioners have failed to meet the substantiation requirements of section 274(d), petitioners are not entitled to deduct amounts other than that conceded by respondent. Travel And Entertainment Expenses In 1986
In 1986 petitioners deducted $ 1,755 in travel and entertainment expenses. As in 1985 the expenses may be separated into two groups. The first group includes the costs *255 incurred attending the Million Dollar Roundtable Meeting in Florida that year. In contrast to the 1985 meeting, Mr. Cooke took his entire family along and deducted the expenses attributable to their attendance. The second group of travel and entertainment expenses in 1986 consists of $ 290 of business meal expenses incurred throughout 1986. Respondent conceded $ 14 a day for Mr. Cooke's meal expenses at the Million Dollar Roundtable Meeting, but disallowed all of the other expenses incurred on the trip, including those incurred by Mr. Cooke's family. Respondent also disallowed the entire $ 290 of business meal expenses claimed by Mr. Cooke throughout the year. The basis for respondent's disallowance of petitioners' deductions is failure to meet the substantiation requirements of section 274(d). To substantiate the expenses incurred on the Florida trip, petitioners provided a diary that listed only the dates of the trip. There was no listing of the amounts, times, places, or business purpose of petitioners' expenses. Petitioners have thus failed to substantiate their travel and entertainment expenses in accordance with section 274(d). Accordingly, we find that none of petitioners' *256 expenses beyond the conceded amounts are deductible. We also find that Mr. Cooke's various business meal expenses incurred in 1986 do not meet the substantiation requirements of section 274(d). As in 1985, Mr. Cooke's diary does not state the business purpose of his meals, nor does it state the business relationship of the person with whom he dined. The expenses are, therefore, not deductible. Section 6653(a) Additions To Tax
For the years in issue, sections 6653(a)(1) and 6653(a)(1)(A) impose an addition to tax equal to 5 percent of the underpayment if any part of any underpayment is due to negligence or intentional disregard of rules or regulations. Sections 6653(a)(2) and 6653(a)(1)(B) impose a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Under section 6653(a), 'Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.' Neely v. Commissioner, 85 T.C. 934, 947 (1985), quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967). *257 Respondent's determination of negligence is presumed to be correct and the taxpayer has the burden of proving the determination is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). Petitioners have not met their burden of proving the determination is erroneous. Petitioners have failed to produce any evidence that they were not negligent or did not intentionally disregard rules and regulations. They did not explain why they claimed a tax credit in an amount more than twice that allowed by statute. Therefore, they are liable for the additions to tax for negligence as determined by respondent. Section 6661 Addition To Tax
Section 6661 imposes an addition to tax for a substantial understatement of income tax. As applicable herein, section 6661(b)(1)(A) defines a substantial understatement as an understatement which exceeds $ 5,000 or 10 percent of the tax due. Petitioners have not shown, and we do not find, that they are within any of the exceptions enumerated in section 6661(b)(2)(B). See Tweeddale v. Commissioner, 92 T.C. 501 (1989). Further, petitioners have failed to show that respondent's refusal to *258 grant a waiver was an abuse of his discretion. See Mailman v. Commissioner, 91 T.C. 1079 (1988). Petitioners' income tax liability will be computed under Rule 155 to take into account concessions by both parties. If petitioners' income tax for 1986 was understated by 10 percent or $ 5,000, they are liable for the section 6661 addition to tax as determined by respondent. Decisions will be entered under Rule 155. Footnotes
*. 50% of the interest due on $ 2,028.00↩
**. 50% of the interest due on $ 7,031.00↩