T.C. Summary Opinion 2002-139

UNITED STATES TAX COURT

LUCY M. WIGGINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7142-01S.                    Filed October 23, 2002.

Lucy M. Wiggins, pro se.

<u>Nancy Carver</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1999 Federal income tax of $6,551. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head-of-household filing status; (3) whether petitioner is entitled to a deduction for charitable contributions; (4) whether petitioner is entitled to deductions for unreimbursed employee expenses; and (5) whether petitioner is entitled to a deduction for tax preparation fees.

Petitioner resided in Temple Hills, Maryland, at the time she filed the petition. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

Petitioner claimed the following five individuals as dependents on Form 1040, U.S. Individual Income Tax Return, for 1999: Shirley Payne (Ms. Payne), a sister; Ushaka Darby (Ushaka), a nephew; James Coffield (Mr. Coffield), a nephew; Donald Wiggins (Donald), a grandson; and Dontae Wiggins (Dontae), a grandson. Respondent disallowed all of petitioner's claimed dependency exemption deductions and correspondingly disallowed petitioner's claimed head-of-household filing status. Because the standard deduction amount was greater than the deductions

claimed on Schedule A that respondent allowed (i.e., a deduction for State and local taxes), respondent determined the deficiency using the standard deduction.

Petitioner alleges that Donald, who was 10 years old, Dontae, who was 9 years old, and Mr. Coffield, who was 38 years old, lived with her in her apartment in Suitland, Maryland, during 1999.  Petitioner's granddaughter, LaDonna Wiggins, lived in petitioner's apartment during 1999, and petitioner's adult son, Victor, also lived in petitioner's apartment for 1 month during 1999, but petitioner did not claim a deduction for either as a dependent.  Petitioner paid $800 a month in rent.

Although petitioner purchased most of the food for the household, Victor purchased groceries for the members of the household during the one month that he lived there.  Mr. Coffield neither worked nor received public assistance during 1999.  The parents of Donald and Dontae, Donald P. Wiggins, Sr. (Mr. Wiggins) and Lisa Walls (Ms. Walls), provided minimal support for Donald and Dontae during 1999.  Mr. Wiggins was employed as a mechanic during 1999 and also as a member of the District of Columbia Army National Guard.

Although petitioner indicated on her Federal income tax return that Ms. Payne is her sister, at trial petitioner indicated that Ms. Payne is not a relative.  Ms. Payne did not live in petitioner's apartment during 1999.  Ushaka Darby lived

in petitioner's apartment for approximately 6 months during 1999. Petitioner did not provide more than half of the support of either Ms. Payne or Ushaka during 1999.

Donald and Dontae's school ended at 2:30 p.m. Every afternoon petitioner prepared dinner for Donald and Dontae to eat upon their return home. After dinner petitioner left for work, which began at 4:00 p.m. While petitioner was at work, Mr. Coffield would care for Donald and Dontae.

An undated "Letter of Instruction to Guardians" signed by Mr. Wiggins and petitioner provides that petitioner is designated as the long-term guardian of Donald and Dontae.

A durable power of attorney for Mr. Wiggins, as a member of the U.S. Armed Forces, designates petitioner to follow up on his financial obligations to ensure payment to creditors and debtors in the event that he is determined to be missing, missing in action, or a prisoner of war. Mr. Wiggins signed the power of attorney in December 1999.

A handwritten letter signed by Mr. Wiggins dated April 24, 2002, indicates that he "gave my mother Lucy M. Wiggins power of attorney over my * * * children * * * Donald P. Wiggins Jr., [and] Dontae R. Wiggins".

Dontae's elementary school Student Registration Form dated March 15, 2000, reflects his address as 3312 Curtis Drive, Suitland, Maryland. This is the address of petitioner's

apartment during 1999 and also the address listed for Mr. Wiggins, Dontae's father. This form indicates that Dontae lived with both "Natural Parents" and "Legal Guardians". Petitioner is indicated as the female head of household.

Petitioner worked as a corrections officer for which she received $51,078 as wages in 1999. She wore a uniform to work that she purchased instead of wearing the uniform provided at no cost to her by her employer, the District of Columbia Department of Corrections. Petitioner drove to and from work each day, and paid about $10 per week for parking. Petitioner did not drive her automobile as part of her job duties. The claimed deductions for unreimbursed employee expenses include parking tickets petitioner received while at work and transportation expenses.

Petitioner claimed the following deductions on Schedule A of her Federal income tax return for 1999:

| | |
|---|---|
| Gifts to charity (cash or check) | $3,640 |
| Gifts to charity (other than in cash or by check) | 500 |
| Unreimbursed employee expenses | 2,400 |
| Tax preparation fees | 250 |
| Other expenses (care of work wear) | 2,500 |

Respondent denied the deductions in full for failure to substantiate the amounts claimed.

Discussion

1. Dependency Exemption Deductions

A taxpayer is allowed a deduction for a dependent over half of whose support is provided by the taxpayer. Secs. 151(c)(1),

152(a). A dependent includes a son or daughter of the taxpayer or a descendant of either, a son or daughter of a brother or sister of the taxpayer, and an individual (other than a spouse of the taxpayer) who, for the taxable year, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household. Sec. 152(a)(1), (6), (9); sec. 1.152-1(a)(1) and (b), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each of the claimed dependents furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). The amount of support that the claimed dependent received from the taxpayer is compared to the entire amount of support the individual received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner bears the burden of proof. Rule 142(a)(1).[1] Petitioner conceded that Ms. Payne did not live in her apartment during 1999 and also that she did not provide more than half of Ms. Payne's support. We conclude that Ms. Payne did not have

---

[1] Sec. 7491 does not apply to shift the burden of proof to respondent because petitioner has neither alleged that sec. 7491 is applicable nor established that she complied with the requirements of sec. 7491(a)(2)(A) and (B) and substantiated items, maintained required records, and fully cooperated with respondent's reasonable requests.

petitioner's apartment as her principal place of abode under section 152(a)(9), and the claimed dependency exemption deduction with respect to Ms. Payne is denied.

Petitioner conceded that she did not provide more than half of the support for Ushaka during 1999. We conclude that Ushaka does not qualify as a dependent under section 152(a)(6), and the claimed dependency exemption deduction with respect to Ushaka is denied.

Mr. Coffield's name does not appear on the lease for the apartment in which petitioner lived during 1999. Petitioner did not provide any facts to support her claim that Mr. Coffield lived in her apartment during 1999 and that she provided more than half of his support. Therefore, the claimed dependency exemption deduction with respect to Mr. Coffield is denied.

A school registration form for Dontae dated March 15, 2000, reflects the apartment address where petitioner lived. Donald and Dontae are reflected as residents of petitioner's apartment on the lease for the apartment where she lived in 1999. We conclude that Donald and Dontae had as their principal places of abode during 1999 petitioner's apartment for which petitioner paid rent. Although Mr. Wiggins and Ms. Walls may have provided minimal support for Donald and Dontae, and petitioner's son, Victor, bought groceries during the month that he lived in petitioner's apartment, we conclude that petitioner provided more

than half of the support of Donald and Dontae. See sec. 152(a)(1). Accordingly, petitioner is entitled to deductions for Donald and Dontae as dependents for the 1999 tax year.

  2.  Head-of-household Filing Status

To qualify as a head of household, a taxpayer must satisfy the requirements of section 2(b). Under section 2(b), a taxpayer shall be considered a head of household if she is not married at the close of the taxable year, is not a surviving spouse, and, among other choices, maintains as her home a household which constitutes for more than half of such taxable year the principal place of abode, as a member of such household, of either an unmarried descendant of a son or daughter of the taxpayer, or any other person who is a dependent of the taxpayer if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. Sec. 2(b)(1)(A); sec. 1.2-2(b)(ii), (c)(1), Income Tax Regs. A taxpayer shall be considered as maintaining a household only if she pays more than one-half of the cost thereof for the taxable year. Sec. 1.2-2(d), Income Tax Regs.

Since petitioner maintained as her home a household which constituted the principal place of abode of Donald and Dontae during 1999, petitioner is entitled to head-of-household filing status. Sec. 2(b)(1)(A)(i).

3.  <u>Charitable Contributions</u>

Section 170(a) allows as a deduction a charitable contribution which is made within the taxable year.  As relevant here, a charitable contribution means a contribution or gift to or for the use of an organization organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes.  Sec. 170(c)(2)(B).  If a taxpayer makes a charitable contribution of money the taxpayer shall maintain for each contribution either a cancelled check, a receipt or letter from the donee charitable organization, or other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.  <u>Cavalaris v. Commissioner</u>, T.C. Memo. 1996-308; sec. 1.170A-13(a)(1), Income Tax Regs.  The reliability of a written record is to be determined on the basis of all the facts and circumstances of a particular case.  Sec. 1.170A-13(a)(2)(i), Income Tax Regs. Factors indicating that a written record is reliable include the contemporaneous nature of the writing and the regularity of the taxpayer's recordkeeping procedure.  Sec. 1.170A-13(a)(2)(i)(A) and (B), Income Tax Regs.

If the contribution is made in property other than money, the amount of the contribution is generally the fair market value of the property at the time of the contribution.  Sec. 1.170A-1(c)(1), Income Tax Regs.  The taxpayer must also maintain a

receipt or letter from the donee showing the name of the donee, the date and location of the contribution, and a description of the property.  Sec. 1.170A-13(b)(1), Income Tax Regs.

A deduction for a contribution of $250 or more will not be allowed unless the taxpayer substantiates the contribution with a contemporaneous written acknowledgment from the donee organization.  Sec. 1.170A-13(f)(1), Income Tax Regs.  The acknowledgment must provide, among other things, the amount of any cash paid and a description of any property other than cash the taxpayer transferred to the donee organization.  Sec. 1.170A-13(f)(2)(i), Income Tax Regs.

Petitioner claimed deductions of $3,640 for charitable contributions made in cash or by check.  Petitioner testified that she contributed $10 to $15 to her church every week that she attended a service, she tithed, and that she would "give my 10 percent, and I usually * * * get a form, a tax form for that".  Petitioner testified that she stopped attending church services at some time and did not attend church every week during 1999.  Petitioner did not produce any receipt, letter, or other written acknowledgment of her contributions to a church.  We conclude that petitioner is not entitled to a deduction for the claimed charitable contributions made in cash or by check, and respondent's determination is sustained.

Although petitioner alleged that she contributed a number of items, such as clothes, a microwave, a TV, and a VCR to people she knew who were "in need", she admitted at trial that the claimed deduction for the charitable contribution of $500 made other than in cash or by check was an amount she paid for a television that she gave to Ms. Payne. It is not clear that petitioner contributed any gift to a charity as defined under section 170(c). Moreover, she did not provide a receipt or letter to support the deduction claimed for the charitable contribution made other than in cash or by check, as required by section 1.170A-13(b)(1), Income Tax Regs. Accordingly, we conclude that petitioner is not entitled to a deduction for the claimed charitable contribution made other than in cash or by check, and respondent's determination is sustained.

4. Unreimbursed Employee Expenses

A taxpayer is generally required to substantiate deductions by keeping books and records sufficient to establish the amount of the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Actual allowable expenses such as gasoline, tolls, and operating expenses of automobiles are deductible if they are ordinary and necessary expenses paid or incurred in a trade or business and if they are not personal commuting expenses. Sec. 162(a); Green v. Commissioner, 59 T.C. 456 (1972); sec. 1.162-1(a), Income Tax Regs. Commuters' fares are not deductible. Sec. 1.162-2(e),

Income Tax Regs. Performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).

Section 274 provides more stringent substantiation requirements for deductions with respect to any passenger automobile under section 280F(d)(4)(A)(i). Sec. 274(d)(4).

The cost of clothing may be deductible if: (1) The clothing is of a type specifically required as a condition of employment; (2) it is not adaptable to general usage as ordinary clothing; and (3) it is not so worn. Yeomans v. Commissioner, 30 T.C. 757, 767 (1958).

Petitioner claimed a deduction for unreimbursed employee expenses of $2,400. Petitioner explained at trial that the unreimbursed employee expenses include parking tickets and transportation expenses, but she did not specify what expenses she incurred, how the expenses relate to her employment, why she is entitled to a deduction for the expenses, or the amount of each expense. In addition, petitioner did not substantiate the claimed deduction for the unreimbursed employee expenses. We conclude that petitioner is not entitled to a deduction for the claimed unreimbursed employee expenses, and respondent's determination is sustained.

Petitioner claimed a deduction for $2,500 as an expense for care of work clothing, but she testified that she paid about $975

to purchase and clean uniforms, shoes, hats, and a raincoat for work.  Petitioner did not provide any evidence concerning either the cost of each item of clothing she purchased or the cost to clean the items.  Further, the purchase of the uniform was not a necessary expense under section 162(a) because petitioner voluntarily purchased the uniform instead of wearing the uniform provided by her employer.  We conclude that petitioner is not entitled to a deduction for the claimed expenses for work clothing or for the care of the work clothes, and respondent's determination is sustained.

5.   Tax Preparation Fees

A taxpayer may be allowed a deduction for ordinary and necessary expenses paid or incurred during the taxable year in connection with the determination, collection, or refund of any tax.  Sec. 212(3).

Petitioner presented no evidence to support the claimed deduction for tax preparation fees.  We conclude that petitioner is not entitled to the claimed deduction for tax preparation fees, and respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.