T.C. Summary Opinion 2004-88

UNITED STATES TAX COURT

ALPHONSE M. AND DORIS ESPOSITO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13786-03S.               Filed June 30, 2004.

Alphonse M. and Doris Esposito, pro se.

<u>Catherine R. Chastanet</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $10,000 in petitioners' 1998 Federal income tax. The issue is whether petitioners are liable for the 10-percent additional tax under section 72(t) on an early distribution from a qualified section 401(k) retirement plan. Petitioners resided in Mt. Sinai, New York, at the time the petition was filed.

The applicable facts may be summarized as follows.[2] In 1998, petitioner Alphonse M. Esposito (petitioner) withdrew $100,000 from his retirement plan to pay the higher education expenses for four of his children. In preparing their 1998 Federal income tax return, petitioners included the $100,000 distribution but did not report the additional tax for an early distribution under section 72(t). In the notice of deficiency, respondent determined petitioners were liable for the additional tax.

Section 72(t)(1) imposes an additional tax of 10 percent of the taxable amount received from a "qualified retirement plan (as defined in section 4974(c))". Petitioner maintains that the additional tax does not apply because the distribution qualifies under section 72(t)(2)(E).

Section 72(t)(2)(E) provides that the additional tax on early distributions does not apply to "distributions to an

---

[2] The facts are not in dispute, and the issue is primarily one of law. Sec. 7491, concerning burden of proof, has no bearing on this issue.

individual from an <u>individual retirement plan</u> to the extent such distributions do not exceed the qualified higher education expenses * * * of the taxpayer for the taxable year." (Emphasis added.)  An "individual retirement plan" is defined as:  "(A) an individual retirement account described in section 408(a), and (B) an individual retirement annuity described in section 408(b)."  Sec. 7701(a)(37) (an individual retirement plan is commonly referred to as an IRA).  Section 72(t)(2)(E) was added by section 203(a) of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 788, 809.  The Report of the Committee on the Budget refers only to withdrawals from IRAs.  See H. Rept. 105-148, at 288-289 (1997), 1997-4 C.B. (Vol. 1) 319, 610-611.  It is undisputed that the retirement plan from which petitioner withdrew the $100,000 is a plan described in section 401(k), and, therefore, the exception contained in section 71(t)(2)(E) does not apply.

Petitioner relies on his interpretation of the instructions to the 1998 Form 1040, U.S. Individual Income Tax Return, to establish that section 71(t)(2)(E) is applicable.  The differences between a "qualified retirement plan" and an "individual retirement plan" may be subtle.  Nonetheless, they do exist, and the authoritative sources of Federal tax law are the statutes, regulations, and case law.  <u>Green v. Commissioner</u>, 59

T.C. 456, 458 (1972).  The statutory framework is clear that section 72(t)(2)(E) does not apply, and respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>