T.C. Summary Opinion 2011-10


UNITED STATES TAX COURT


CARY ALLEN NIEVINSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16684-10S.            Filed February 7, 2011.


Cary Allen Nievinski, pro se.

<u>J. Paul Knap</u>, for respondent.


SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2008.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $8,000 in petitioner's 2008 Federal income tax. The issue for decision is whether petitioner is entitled to the $8,000 first-time homebuyer credit (FTHBC) under section 36 for 2008.

## Background

Some of the facts have been stipulated and are so found.

At the time of filing the petition, petitioner resided in Wisconsin.

Before September 2009 petitioner spent a number of years as a U.S. expatriate citizen living and working overseas for United Airlines. In the winter and fall of 2009 petitioner discussed with his parents the purchase of a home in Milwaukee, Wisconsin, that they had inherited from petitioner's cousin in 2008. As a youth petitioner had spent some time in this home.

Petitioner had never owned a home.

On September 9, 2009, petitioner purchased the home from his parents for $115,725. Petitioner made a cash payment of $99,000 and forgave $16,725 in debts that his parents owed him. Petitioner moved into the home and made it his principal residence.

On September 15, 2009, petitioner filed his 2008 individual Federal income tax return, claiming an $8,000 FTHBC under section

36 relating to petitioner's purchase of the home. Under section 36(g), a qualified taxpayer purchasing a home in 2009 generally was allowed to claim the FTHBC for either 2008 or 2009.

In the preparation of petitioner's 2008 Federal income tax return, petitioner's accountant obtained from the Internet or from the particular tax preparation software to which he subscribed a copy of Form 5405, First-Time Homebuyer Credit, on which there apparently was no express explanation that the FTHBC was not available with respect to a home purchased by a taxpayer from a family member. Versions of Form 5405 published in the Internal Revenue Manual contain such an express explanation.

On audit, because petitioner purchased the home from his parents, respondent disallowed petitioner's claimed $8,000 FTHBC.

At trial petitioner also produced a copy of IRS Publication 4819, Important Information About The First-Time Homebuyer Credit, in which there is no express explanation that home purchases from family members do not qualify for the FTHBC.

## Discussion

Generally, section 36(a) and (b) allows a credit of up to $8,000 to first-time homebuyers of a principal residence in the United States. As stated, for qualified homes purchased in 2009, the FTHBC could be claimed on either the taxpayer's 2008 or 2009 Federal income tax return. Sec. 36(g).

However, under section 36(c)(3) the FTHBC is not available to a taxpayer who purchases a home from a related person, and under section 36(c)(5) related persons include direct ancestors such as parents.  See also sec. 267(b) and (c)(4).

Petitioner emphasizes that the particular Form 5405 that his accountant apparently obtained from the Internet and used in the preparation of petitioner's 2008 Federal income tax return and Publication 4819 do not expressly explain that to receive the FTHBC a taxpayer must not have purchased a home from parents or family members.

In addition, petitioner complains about misleading or inadequate explanations in IRS form letters he received, lack of IRS good faith in addressing his administrative appeal and his appeal to the Taxpayer Advocate Service, and repeated IRS mailings to him addressed to an incorrect address.

Respondent argues that the statutory provisions control and that section 36(c) and related provisions adequately explain the "no-purchase-from-family" limitation on the FTHBC and should have been noted by petitioner and his accountant.

We agree with respondent.  The provisions of section 36(c) are clear.  Form 5405 and Publication 4819 provide general instructions.  They do not purport to provide all rules and limitations applicable to the FTHBC.  The apparent failure of some IRS publications to explain the "no-purchase-from-family"

limitation of the FTHBC has no effect on the authority of section 36(c).  <u>Green v. Commissioner</u>, 59 T.C. 456, 458 (1972); <u>Fila v. Commissioner</u>, T.C. Memo. 1988-32.

The apparent failure of petitioner's accountant and of the copy of Form 5405 and the tax preparation software that petitioner's accountant used to expressly explain the "no-purchase-from-family" limitation of the FTHBC is unfortunate for petitioner, but those failures do not provide any legal basis to allow petitioner the claimed $8,000 FTHBC.

We sustain respondent's disallowance of the $8,000 FTHBC claimed on petitioner's 2008 Federal income tax return.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.