T.C. Summary Opinion 2018-26

UNITED STATES TAX COURT

ADAM D. FEHR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14470-16S.                    Filed May 16, 2018.

Adam D. Fehr, pro se.

<u>Sandeep Singh</u>, <u>Janice B. Geier</u>, and <u>Catherine J. Caballero</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for Federal income tax deficiencies and accuracy-related penalties for the years and in the amounts as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2013 | $7,365 | $1,473 |
| 2014 | 7,640 | 1,528 |

Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in California.

After concessions,[2] the issues remaining for decision are whether petitioner is: (1) entitled to deductions for unreimbursed employee business expenses of $37,640 and $22,625 for 2013 and 2014 (years in issue), respectively, (2) entitled

---

[1](...continued)
Revenue Code (Code), as amended and in effect for 2013 and 2014, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Petitioner concedes that he is not entitled to deductions for medical expenses claimed on Schedule A, Itemized Deductions, for 2013, or an itemized deduction for charitable contributions for 2014.

to a deduction for charitable contributions of $16,637 for 2013, and (3) liable for accuracy-related penalties for the years in issue under section 6662(a).

## Background[3]

### I. Petitioner's Employment

During the years in issue petitioner was employed as a sales manager for Valley Packline Solutions, Inc. (VPS), at its headquarters in Reedley, California. VPS builds, installs, and maintains equipment used to process fresh fruits and vegetables at various customer facilities in the United States and abroad.

Petitioner's duties at VPS included overseeing the sales department, maintaining customer relationships, and managing sales, installation, and maintenance of the firm's equipment. Petitioner frequently visited customer facilities around the San Joaquin Valley and other locations.

The record includes a letter from VPS' general manager, stating that VPS did not reimburse its employees for "expenses for the ordinary conduct of their employment with * * * [the firm]."

---

[3]Some of the facts have been stipulated.

II.  Petitioner's Tax Returns

A.  2013

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2013 reporting wages of $171,916.  On Schedule A, attached to his tax return, petitioner claimed, in relevant part, a deduction of $16,637 for charitable gifts by cash or check and a deduction of $37,640 for unreimbursed employee business expenses (before the application of the 2% floor prescribed in section 67(a)).  Petitioner also attached to his tax return a Form 2106-EZ, Unreimbursed Employee Business Expenses, and a schedule titled "Unreimbursed Expense Statement", reporting the following work-related expenses:

| Item | Amount |
| --- | --- |
| Vehicle expenses | $5,580 |
| Parking fees, tolls, and transportation | 185 |
| Travel expenses | 2,571 |
| Other expenses | 302 |
| Meals and entertainment expenses[4] | 818 |
| Union and professional dues | 3,998 |
| Uniforms | 2,808 |
| Tools | 6,319 |
| Cell phone | 3,417 |
| Miscellaneous work expenses | 5,153 |
| Work-related expenses | 6,489 |

B. 2014

Petitioner filed a Form 1040 for 2014, reporting wages of $161,322. On Schedule A, attached to his tax return, petitioner claimed, in relevant part, a deduction of $22,625 for unreimbursed employee business expenses (before the application of the 2% floor prescribed in section 67(a)). Petitioner also attached to

---

[4]This amount reflects the 50% reduction prescribed in sec. 274(n).

his tax return a Form 2106-EZ (essentially blank) and a schedule titled "2014 Unreimbursed Expense Statement", reporting the following work-related expenses:

| Item | Amount |
|---|---|
| Union and professional dues | $1,416 |
| Uniforms | 1,295 |
| Tools | 5,489 |
| Cell phone | 1,918 |
| Miscellaneous work expenses | 5,596 |
| Work-related expenses | 6,911 |

## III. Petitioner's Records

Petitioner produced eight receipts from Goodwill Industries (Goodwill) in an effort to substantiate the charitable contribution deduction that he claimed for 2013. Each receipt included a list of several items (e.g., "Adult Bike", "TV", "Bedroom Dressers", "Jackhammer"), and petitioner recorded his own "educated guess" of the cumulative value of the items on each receipt. The total value that petitioner assigned to the items on each receipt ranged from a low of $1,700 to a high of $2,500, and the eight receipts totaled $16,100.

Petitioner also offered various records in an effort to substantiate the unreimbursed employee business expenses that he claimed for the years in issue. For 2013 petitioner produced a log recording the number of miles that he drove each day, the places that he visited, and meals and entertainment expenses. He also produced separate schedules listing travel-related expenses, amounts that he purportedly paid for tools purchased at Lowes, Jenson & Pilegard, and Exeter Mercantile, and amounts that he paid for golf outings, hunting/fishing trips, and wine and liquor purchases.[5] Petitioner also provided his bank and credit card statements for 2013.

Petitioner's mileage log for 2013 shows that he frequently drove from his home to a customer's facility, purchased lunch for one or more individuals, and then drove home. On some days, petitioner drove from his home and made two or more stops at customers' facilities or at VPS, purchased lunch for one more individuals, and then drove home. Petitioner did not describe the work he performed, and he did not record the number of miles that he drove between destinations; he recorded only the total number of miles that he drove each day.

---

[5]Petitioner failed to produce receipts identifying the tools that he purchased.

For 2014 petitioner again produced a combined mileage/meals and entertainment log. Unlike his mileage log for 2013, this log included a breakdown of the miles that petitioner drove between various destinations each day.

Petitioner's tax returns for 2013 and 2014 were prepared at Fiesta Tax Service by Javier Garcia and Tony Garcia, respectively. Petitioner testified that he provided his tax records to the tax return preparers and his tax returns were prepared and processed while he waited.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[6] Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

When a taxpayer establishes that he paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate

---

[6]Petitioner does not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

I. Unreimbursed Employee Business Expenses

A deduction is allowed under section 162(a) for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. As used in section 162, an "ordinary" expense is defined as one which is "normal, usual, or customary" in the taxpayer's trade or business, see Deputy v. du Pont, 308 U.S. 488, 494-495 (1940), and "necessary" has been defined as "appropriate and helpful", see Welch v. Helvering, 290 U.S. at 113. A deduction normally is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). An employee business expense is not ordinary and necessary, however, if the employee is entitled to

reimbursement from his or her employer.  See Podems v. Commissioner, 24 T.C.

21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272, at *22.[7]

Section 274(d) prescribes more stringent substantiation requirements to be

met before a taxpayer may deduct certain categories of expenses, including travel

expenses, meals and entertainment expenditures, and expenses related to the use of

listed property as defined in section 280F(d)(4)(A).  See Sanford v. Commissioner,

50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).  The term "listed

property" includes, inter alia, passenger automobiles.  Sec. 280F(d)(4)(A)(i).  To

satisfy the requirements of section 274(d), a taxpayer generally must maintain

adequate records or produce sufficient evidence corroborating his or her own

statement, which, in combination, are sufficient to establish the amount, date and

time, and business purpose for each expenditure for travel away from home or

each expenditure or business use of listed property.  Sec. 1.274-5T(b)(2), (6),

(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016-46017 (Nov. 6,

1985).

---

[7]The record includes a statement from VPS that the firm did not reimburse
its employees for work-related expenses.  The Court concludes that petitioner was
not entitled to be reimbursed for the expenses in dispute.

A. <u>Vehicle/Meals and Entertainment/Travel Expenses</u>

The logs and related schedules that petitioner offered at trial in an effort to substantiate the vehicle, meals and entertainment, and travel expenses in dispute do not satisfy the strict substantiation requirements of section 274(d). An overarching shortcoming is the absence of any objective evidence of the business purpose for the disputed expenses. The logs lack any description of the work that petitioner may have performed or business matters that he may have discussed with VPS' customers. Although we have no reason to doubt petitioner's testimony that his responsibilities at VPS included maintaining good customer relationships, his logs indicate that nearly every day for two consecutive years (excluding most weekends) he drove to a customer's facility and bought lunch for himself and others. Assuming that petitioner's logs are accurate, this pattern of activity strongly suggests that the expenditures in dispute were predominantly personal and were only indirectly related to the conduct of VPS' business.[8]

The foregoing aside, petitioner's logs show that on many days he drove from his home to a customer's facility, had lunch, and then returned home. He

---

[8]For the sake of completeness, we note that petitioner failed to produce receipts substantiating many of the expenditures for meals and entertainment and travel. His bank and credit card statements provided little in the way of corroboration of the expenditures.

likewise reported mileage expenses for round trips from his home to VPS'

headquarters. In the absence of evidence that petitioner's principal place of

employment was somewhere other than VPS' headquarters, the miles that he drove

on round trips from his home to customer facilities, and to and from VPS'

headquarters, constitute nondeductible personal commuting expenses. See, e.g.,

Green v. Commissioner, 59 T.C. 456, 459 (1972).

In sum, respondent's disallowance of the deductions petitioner claimed for

vehicle, meals and entertainment, and travel expenses for the years in issue is

sustained.

### B. Other Expenses

Petitioner claimed deductions for other employment-related expenses

including union dues, uniforms, tools, cell phone charges, and miscellaneous

expenses, but he offered no documents, records, or receipts to either substantiate

these expenditures or show that those expenditures qualified as ordinary and

necessary business expenses within in the meaning of section 162. On this record,

there is insufficient evidence to permit the Court to employ the Cohan rule to

estimate the amount allowable as a deduction. Consequently, we sustain

respondent's proposed disallowance of the remaining amounts petitioner claimed

for unreimbursed employee expenses for the years in issue.

II. Charitable Contributions for 2013

Petitioner claimed a deduction of $16,637 for charitable contributions by cash or check on Schedule A for 2013. At trial, however, he produced eight receipts, listing household items, tools, and sports equipment that he purportedly had donated to Goodwill. Each receipt included petitioner's own estimate of the cumulative value of the items at the time of the donations.

Section 170 allows deductions for contributions made during a taxable year to qualifying charitable organizations. Charitable contributions are deductible only if verified in accordance with regulations prescribed by the Secretary. Sec. 170(a)(1); see Van Dusen v. Commissioner, 136 T.C. 515, 530 (2011).

Section 170(f)(8)(A) provides that the taxpayer must obtain a contemporaneous written acknowledgment from the donee for any claimed charitable contribution deduction of $250 or more. Section 170(f)(8)(B) provides in relevant part that the contemporaneous written acknowledgment must include the amount of cash and a description of any property other than cash contributed, whether the donee organization provided any goods or services in consideration, in whole or in part, for any cash or property contributed, and, if so, a description and good-faith estimate of the value of any goods or services provided by the donee. Sec. 1.170A-13(b), (f), Income Tax Regs.

In addition to the written acknowledgment requirement, section 170(f)(11) and related regulations establish more detailed requirements for substantiation of contributions of property other than money. For noncash contributions of $500 or less, the taxpayer must substantiate the contribution with a receipt from the donee indicating the donee's name, the date and location of the contribution, and "[a] description of the property in detail reasonably sufficient under the circumstances." Sec. 1.170A-13(b)(1), Income Tax Regs. For noncash contributions in excess of $500, the taxpayer normally must also maintain written records showing the manner in which the item was acquired, the approximate date of acquisition, and the cost or adjusted basis of the property. Id. subpara. (3); see Lattin v. Commissioner, T.C. Memo. 1995-233.[9]

The Goodwill receipts that petitioner offered at trial do not include the value of individual items that he donated. Although it does not appear that any one item was worth more than $500, petitioner offered no evidence on this point. In any event, the Goodwill receipts include only generic descriptions of the items donated. Petitioner did not identify the age, quality, or condition of the donated

---

[9]If information regarding the acquisition date or cost basis of the property is not available and the taxpayer attaches a statement to his return setting forth reasonable cause for not being able to provide such information, the taxpayer's charitable contribution deduction shall not be disallowed on that account. Sec. 1.170A-13(b)(3)(ii), Income Tax Regs.

items, nor did he explain the method or process he used in making his "educated guess" as to the value of the items. On this record we conclude that petitioner failed to meet the substantiation requirements for contributions of property other than money prescribed in section 170(f) and the related regulations. Consequently, we sustain respondent's determination that petitioner is not entitled to a deduction for charitable contributions for 2013.

## III. Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). A taxpayer is negligent if he or she fails to maintain sufficient records to substantiate disputed expenses. Higbee v. Commissioner, 116 T.C. 438, 449 (2001); sec. 1.6662-3(b)(1), Income Tax Regs. By definition, an understatement generally means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). An understatement is

substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent met his burden of production.[10]  Petitioner was negligent in failing to maintain adequate records to substantiate the expenses in dispute. Moreover, the understatements of income tax for the years in issue are substantial within the meaning of section 6662(d)(1)(A).

Petitioner did not offer a defense to the imposition of accuracy-related penalties in this case other than to assert that respondent had erred in determining tax deficiencies.  That matter having been resolved against him, respondent's

---

[10]The record includes Civil Penalty Approval Forms executed by the examining agent's group manager with respect to the sec. 6662 penalties determined in the notice of deficiency.

determination that petitioner is liable for accuracy-related penalties under section 6662(a) is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.